JULE ROBERTS GESNER AND EDWARD ROBERTS, JR., EXECUTORS UNDER THE WILL OF EDWARD ROBERTS, DECEASED, AND INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. MARIE B. ROBERTS, EXECUTOR UNDER THE WILL OF EDWARD ROBERTS, DECEASED AND INDIVIDUALLY, DEFENDANT-APPELLANT.

Argued December 6, 1966—Decided January 23, 1967.

Mr. *Daniel M. Dwyer* argued the cause for appellant (*Messrs. Dwyer, Dwyer and Dwyer,* attorneys).

Mr. *Warren Dixon, Jr.,* argued the cause for respondents.

The opinion of the court was delivered

PER CURIAM. This case involves the allocation of the burden of the federal estate tax. After specific devises and bequests to his widow and his two children by a former marriage, the testator directed that the three shall share the residue equally. Those dispositions to the widow qualified for the marital deduction authorized by 26 *U. S. C. A.* § 2056. The question is whether her share of the residue should be calculated before or after payment of the federal estate tax. The will, which contains no express provision as to taxes, was executed in 1947 and hence before the innovation by Congress of the marital deduction in the following year. The testator died in 1964. The trial court decided the widow was entitled to a full third of the residue without any reduction because of the estate tax, 88 *N. J. Super.* 278 (*Ch. Div.* 1965), but the Appellate Division held she must absorb a third of the tax, even though the gifts to her did not generate any part of the tax and the result thus reached would under 26 *U. S. C. A.* § 2056(b)(4) reduce the amount of the marital deduction and thus increase the total tax liability of the estate. 91 *N. J. Super.* 255 (1966). We granted certification, 47 *N. J.* 573 (1966). We think the trial court's judgment should be upheld.

We see no profit in searching for the actual intent of the testator on the facts of this case. It cannot be found in the terms of the will, nor in the state of the tax law when the will was executed. We know of course that if the deceased had died before the 1948 statute, there would have been no marital deduction and the tax would have been shared equally by the residuary beneficiaries. But we know also that under the terms of this will the later enactment of the marital deduction did not increase the tax-dollar experience of the children. Thus the question is whether the testator nonetheless was so bent upon ultimate dollar equality among his residuary beneficiaries that he intended that the tax benefit arising from a statute later enacted should be enjoyed *pro rata* by his children, and this even though the result would be, as we have said, to enlarge the total tax payable to the United States because of the provision of 26 *U. S. C. A.* § 2056(b)(4) which reduces the marital deduction by the amount of tax to which the spouse's share is subjected.

The Congress authorized the marital deduction to permit "geographic equalization" between states, such as ours, which do not have community property law and states which do. Thus, a testator in our State may provide for his or her spouse, to the limits set forth in the federal statute, without incurring any estate tax liability on that account. Absent an express statement in the will, we should start with the assumption that the testator intended the maximum tax advantage for the estate and maximum benefit to the spouse within the limits of his gift to her. The plan of a will may of course suggest that a testator intended to depart from that approach. For example, if in the case at hand there were appreciable gifts to persons other than the residuary beneficiaries, it might be argued that the testator intended the residuary beneficiaries to share so much of the tax burden as would be allocable on a hypothetical apportionment to such other beneficiaries, that is to say that before calculating the shares of the residuary beneficiaries there would be deducted from the residue that portion of the total tax liability as is

hypothetically allocable to the nonresiduary beneficiaries. But we need not anticipate factual patterns which could suggest a probable intent to reduce the marital gift by some part of the tax burden. Here, the marital deduction did not shift to the other residuary beneficiaries any dollar burden which would have been borne by the widow in the absence of the 1948 tax statute. This being so, we think it probable the testator would have wanted his widow to have the maximum benefit the federal statute would permit under the terms of the will, rather than to require her to share the tax advantage of the marital deduction with the other residuary beneficiaries and indeed at the price of an increase in the total tax payable to the government.

The judgment of the Appellate Division is reversed and the judgment of the trial court is affirmed.

Justice PROCTOR and Justice HALL dissent for the reasons expressed by Judge CONFORD in the Appellate Division.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, SCHETTINO and HANEMAN — 5.

*For affirmance*—Justices PROCTOR and HALL—2.