In the Matter of the **ESTATE** of **Frieda W. COLLINS, Deceased.**

No. 114089.

United States District Court
District of Columbia.

June 13, 1967.

John E. Powell, Drury, Lynham & Powell, Washington, D. C., for administrators.

John C. Poole, Marvin Schneck, David H. Schwartz, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for next of kin.

OPINION

McGARRAGHY, District Judge.

The administrators of this estate have filed a petition for instructions in which they state they "desire the Court to instruct them whether the share of decedent's husband is to bear any part of the Federal Estate tax or whether it should be computed without deduction of said tax."

The decedent died intestate survived by her husband, two grand nephews and six nieces. Accordingly, the surviving spouse is entitled to one-half of the estate under the provisions of Title 19, Section 304, of the Code of Law for the District of Columbia. This one-half of the estate qualifies for the marital deduction by virtue of the provisions of Section 2056 of the Internal Revenue Code to the effect that for the purposes of determining the Federal Estate tax, the value of the taxable estate shall be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to the surviving spouse provided that it shall not exceed 50 percent of the value of the adjusted gross estate.

The question presented here is whether the tax, when finally determined, is to be borne by all beneficiaries, or to be imposed wholly on the distributive shares of the next of kin. The final determination of the tax will be affected by the fact that the value of the share of the surviving spouse may be deducted from the value of the gross estate in fixing the amount of the Federal Estate tax.

It is agreed that the ultimate impact of the tax is to be determined by local law. There is no express provision of the District of Columbia Code directing how the Federal Estate tax is to be charged. Counsel for the next of kin contend that the District of Columbia Statute of Descent and Distribution

would require that the tax, once determined, should be paid out of the estate as a whole.

■ In resolving this question, absent specific local law, the court is of the opinion that controlling consideration should be given to effectuating the intention of Congress in enacting the section of the Internal Revenue Code which allows a marital deduction.

The most recent pronouncement on this subject was by the Supreme Court of the United States in Northeastern Pennsylvania National Bank & Trust Company v. United States, 87 S.Ct. 1573, 35 Law Week, 4426, decided May 22, 1967, in which the Court said that "The deduction was enacted in 1948, and the underlying purpose was to equalize the incidence of the estate tax in community property and common-law jurisdictions."

In the case of Pitts v. Hamrick, 228 F.2d 486, the United States Court of Appeals for the Fourth Circuit, in an opinion written by Chief Judge Parker, held that the marital deduction provision was inserted in the Revenue Act of 1948 to equalize tax advantages in common law and community property states and to permit a surviving spouse to take a portion of deceased spouse's estate free of burden of Federal Estate taxes. In the course of the Court's opinion, Chief Judge Parker said:

> "It is inconceivable here that any part of the estate tax should be attributed to the share of the widow, where the purpose of Congress in allowing the marital deduction was to free the interest of the surviving spouse from the burden of that tax and where the estate receives the benefit of the deduction because of that interest."

The same view was expressed by the United States Court of Appeals for the Third Circuit in the case of Dodd v. United States, 345 F.2d 715, in an opinion written by Circuit Judge Freedman. The Court pointed out that "A marital deduction deals only with a surviving spouse, unique among beneficiaries, one who presumably is the primary object of a testator's bounty and of the same generation as the testator, whose inheritance causes but a temporary postponement of the tax and of the ultimate inheritance by the children." The Court went on to state that " * * * it is well known that Congress adopted the marital deduction and split income provisions in 1948 to stem the increasing efforts of common law states to secure for their citizens the tax advantages which were available in community property states."

A number of state court decisions have recognized that in enacting the marital deduction provision, Congress had a fixed purpose to give surviving spouses in common law states the advantage otherwise accruing only to those favored by local community property laws. To cite only a few of such decisions, the Supreme Court of Missouri in Hammond v. Wheeler, 347 S.W.2d 884, at 891, stated that the purpose of Congress in providing the marital deduction "was to enable common-law states to place their husband-and-wife residents on an equal basis estate-taxwise with husbands and wives residing in community-property states, * * *." The court went on to point out that "the only way such equality may be accomplished is for the surviving spouse not to be required to pay any portion of the federal estate tax except on property received by her which contributes to or causes a part of the federal estate tax."

In the case of Lincoln Bank & Trust Co. v. Huber, 240 S.W.2d 89, the Kentucky Court of Appeals stated that the apparent purpose behind the enactment of the marital deduction provision "was to equalize the estate tax in non-community property states, with that of community property states, and to prepare the way for elimination from the tax burden all those whose legacies or allotments do not create or add to the tax."

In a very recent decision by a state court, the Supreme Court of New Jersey reversed the judgment of the appellate division in Gesner v. Roberts, 48 N.J. 379, 225 A.2d 697, and in doing so said, "The Congress authorized the marital

deduction to permit 'geographic equalization' between states, such as ours, which do not have community property law and states which do."

In light of the foregoing decisions, I am of the opinion, in answer to the petition for instructions, that, under the facts in this case, in apportioning the Federal Estate tax, the share of decedent's husband is not to bear any part of the Federal Estate tax.