SAWYER ET AL., APPELLANTS, *v.* SAWYER, EXR. ET AL., APPELLEES. ▮

[Cite as Sawyer v. Sawyer (1977), 53 Ohio App. 2d 323.]

(No. C-76394—Decided July 6, 1977.)

*Mr. Robert E. Steman,* for appellants.
*Messrs. Taft, Stettinius & Hollister,* and *Mr. Leonard A. Weakley,* for appellee.
*Messrs. Beirne & Wirthlin,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Probate Division of the Court of Common Pleas of Hamilton County; and the briefs and the arguments of counsel.

The issue presented is whether under the following provisions of the decedent's will, the gift in Item II of one-third of the balance of his estate to his wife should be reduced by a proportionate amount of the federal estate tax[1] charged against the entire estate:

"'* * * After the payment of all my debts, I dispose of my estate as follows:

"*Item I.* I give, devise and bequeath the house and

---

[1] The complaint raises the question of the payment of the federal estate tax only, and the judgment entry addresses itself to the federal estate tax only. We do not decide whether our reasoning is applicable also to the Ohio estate tax.

personal belongings there in, occupied by me at 80 East Fountain Avenue, Glendale, Ohio to my wife, Caroline.

"*Item* II. Of the balance of my estate, I give one-third (1/3) to my wife, Caroline, if she survives me for a period of five (5) months, absolutely in fee simple.

"The remaining two-thirds (2/3) of the residue of my estate, or all of my estate if my wife, Caroline, does not survive me for a period of five (5) months, I give, devise and bequeath to the First National Bank of Cincinnati, Ohio as Trustee, the income from which and eventually the principal of which are to be disposed of as follows: * * *;"

The decision below was that the testator did not intend his wife's one-third share to be reduced by any portion of the federal estate tax assessable against the estate. The probate judge ordered a distribution which would give the wife her full one-third of the assets of the estate remaining after satisfaction of the specific devise in Item I of the will and after payment of decedent's debts and the expenses of administration. We affirm.

The gross estate for federal tax purposes was $4,472,-512.15, and the adjusted gross estate was $3,841,728.22. Because the Internal Revenue Code states that the marital deduction must be diminished by any taxes payable out of the property passing to the surviving spouse (thus increasing the taxable estate), federal estate taxes in the instant estate would be increased by $85,400.34 if the wife's share must bear its proportionate part of the federal tax liability. State law, not federal law, determines whether the marital deduction must be so reduced.

The focus of a will construction case is on the intention of the testator. The question is whether either an intent expressed by the decedent, or an intent imputed to him, has freed his wife's one-third share from any liability for federal estate tax. If so, such intent would overcome the presumption in law established by *Young Men's Christian Assn.* v. *Davis* (1922), 106 Ohio St. 366, *affirmed* 264 U. S. 47, that all residuary beneficiaries are "in the position of last lienholder after all prior lawful claims and charges have been satisfied out of the estate including

death taxes." See also *Hall* v. *Ball* (1954), 162 Ohio St. 299.

We are not persuaded that the language used in this will clearly and unequivocally expresses any such intention. It is suggested that because decedent made his dispositions "[a]fter the payment of all *my* debts," those dispositions were not after taxes, thus freeing the wife's one-third of the balance from tax liability. If it freed her share, it also freed the other two-thirds, a legal impossibility. Further, it is claimed that the use of the word "absolutely" in the gift to the wife implies a gift free of taxes. In our judgment the claimed result is too heavy a burden to hang on the one word "absolutely," or alternatively, on the two words "absolutely" and "my." The language is too sparse in this will to be construed as a complete tax clause that would provide fully for the apportionment and payment of death taxes generated by probate and nonprobate assets.

Nor are we persuaded that the gift is a specific legacy and not part of the residue. First, the disposition of this one-third is contained within the same Item as the disposition of the two-thirds balance "of the residue of my estate"; the Item is obviously intended as a residuary disposition. Second, if the gift of one-third to the wife were a specific gift, then we would have a senseless disposition of only two-thirds of the residue, and the remaining one-third of the residue would pass by intestate succession.

We conclude that despite the absence of any express provisions for payment of federal estate tax in this will, an intention should be imputed to the decedent that the gift to his surviving spouse shall not be reduced by death taxes.[2] As was stated in *In re Estate of Penney* (C. A. 6, 1974), 504 F. 2d 37, a testator's normal interest would be to maximize deductions and minimize tax liability; in other words, to have all interests passing to the surviving spouse pass without reduction by reason of death taxes.

In *Gesner* v. *Roberts* (1967), 48 N. J. 379, 225 A. 2d 697, the Supreme Court of New Jersey considered a will

---

[2]We have noted *Foerster* v. *Foerster* (1954), 54 Ohio Op. 441, but we have come to the opposite conclusion.

that contained no express provision as to taxes and a residuary clause leaving the residue in equal thirds to his widow and his two children by a former marriage. The court was persuaded that the structure of the federal estate tax must be taken into consideration in order to determine intent. Assuming that the testator intended the maximum tax advantage for the estate and the maximum benefit for his widow allowable under federal tax laws, the court held that the widow was entitled to her full one-third of the residue without any reduction because of the estate tax.

As noted in *Gesner* and in *In re Burnett's Estate* (1958), 50 N. J. Super. 482, 142 A. 2d 695, the legislative history of the marital deduction in Congress indicates that Congress enacted the marital deduction to provide a "geographical equalization"; Congress intended to give surviving spouses in common-law states the advantages otherwise accruing only to those favored by community property laws. There can be equality only if the property passing to a surviving spouse passes without reduction by any portion of the estate tax.

This Congressional purpose distinguishes the marital deduction from charitable deductions. The purpose of marital deductions is to correct the gross inequality which separated persons in community property states from those in common-law states, whereas the purpose of charitable deductions is to induce persons to give for charitable purposes. This difference in purpose allows us to distinguish the instant case from *Young Men's Christian Assn.* v. *Davis, supra.* See Annotation, 68 A. L. R. 3d 714, at 787, "Ultimate Burden Of Estate Tax In Absence Of Statute, Will, Or Other Provision."

We note that the decision below will free the wife's one-third interest from any portion of the federal estate tax, but not from any portion of the decedent's debts or the expenses of administration.

The judgment below is affirmed.

*Judgment affirmed.*

Shannon, P. J., Bettman and Black, JJ., concur.