ESTATE OF CHARLES SAWYER, JR., DECEASED, JOHN SAWYER, EXECUTOR, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1004–72.    Filed October 3, 1979.

*Leonard A. Weakley,* for the petitioner.
*Conley G. Wilkerson,* for the respondent.

## OPINION

QUEALY, *Judge:* The respondent determined a deficiency in the Federal estate tax of the Estate of Charles Sawyer, Jr., deceased, in the amount of $413,570.39.

After concessions, the only question presented for decision is whether the surviving spouse's share of the residuary estate of Charles Sawyer, Jr., should be reduced by a proportionate

1

amount of Federal estate tax in computing the allowable marital deduction under section 2056.[1] All of the facts have been stipulated and are so found. The stipulation of facts together with exhibits attached thereto are incorporated herein by this reference.

Charles Sawyer, Jr. (hereinafter sometimes referred to as either the decedent or the testator), deceased, was a resident of Glendale, Ohio, at the time of his death on September 7, 1967. John Sawyer, decedent's brother, is the executor of his estate. At the time the petition in this case was filed, he was a legal resident of Cincinnati, Ohio. The Federal estate tax return was filed December 9, 1968, with the District Director of Internal Revenue, Cincinnati, Ohio.

The decedent died testate, and was survived by his wife and two sons. In his will, decedent provided for the disposition of his assets as follows:

After payment of all my debts, I dispose of my estate as follows:

ITEM I. I give, devise, and bequeath the house and personal belongings therein, occupied by me at 80 East Fountain Avenue, Glendale, Ohio, to my wife, Caroline.

ITEM II. Of the balance of my estate, I give one-third (⅓) to my wife, Caroline, if she survives me for a period of five (5) months, absolutely and in fee simple.

The remaining two-thirds (⅔) of the residue of my estate, or all of my estate if my wife, Caroline, does not survive me for a period of five (5) months, I give, devise and bequeath to the First National Bank of Cincinnati, Ohio as Trustee * * *

The will then provided for the payment of the income and principal of the trust for the benefit of the decedent's two sons. The will did not contain a provision providing for the payment or apportionment of the payment of the Federal estate tax.

On the estate tax return, the marital deduction was computed by reducing the value of the property passing to the widow by a pro rata portion of the Federal estate tax deemed to be assessable against the testator's estate and attributable to the property passing to the widow. Subsequently, however, petitioner concluded that the marital deduction should have been computed without reduction on account of Federal estate taxes.

The parties agree that the testator's specific bequest of the

---

[1]All statutory references are to the Internal Revenue Code of 1954, as amended.

house to his surviving spouse, described in item I of the will, is not liable for any portion of the Federal estate tax. Thus, the only remaining issue in dispute is whether or not the residuary bequest passing to the decedent's widow under item II of the will is liable for any Federal estate tax assessable against the estate.

In an attempt to resolve that question, petitioner, after filing the petition in the instant case, filed a complaint for the construction of the decedent's will in the Ohio Court of Common Pleas of Hamilton County, Probate Division. On May 11, 1976, judgment was obtained in that proceeding, providing that the widow's residuary share under item II of the will would pass free of any Federal estate tax burden. On July 6, 1977, the Ohio Court of Appeals, First Appellate District, affirmed the decision of the Probate Court. On October 21, 1977, the Supreme Court of Ohio overruled a motion to certify the appellate court's record, thus refusing to accept an appeal of that court's decision.

Section 2056 provides as follows:

(a) * * * For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b) and (c), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

Section 2056(b)(4)(A) provides that in valuing the interest passing to the surviving spouse, there shall be taken into account the effect which any estate, succession, legacy, or inheritance taxes, including Federal estate tax has on the net value of any interest in property passing to the surviving spouse and qualifying for the marital deduction.

In determining whether any Federal estate taxes are payable from the surviving spouse's residuary share of decedent's estate we must look to the laws of the State of Ohio. *Riggs v. Del Drago*, 317 U.S. 95 (1942); *Estate of Penney v. Commissioner*, 504 F.2d 37 (6th Cir. 1974). Since Ohio has no apportionment statute, the resolution of this issue is governed by the relevant case law of Ohio.

The question before this Court has been resolved for the petitioner herein by the Court of Appeals of Ohio in *Sawyer v. Sawyer*, 53 Ohio App. 2d 323, 374 N.E.2d 166 (1977). However, since that decision was not reviewed by the Supreme Court of

Ohio, it is not binding on this Court. *Commissioner v. Estate of Bosch*, 387 U.S. 456 (1967). Nevertheless, since it appears that the decision of the appellate court in *Sawyer v. Sawyer, supra*, resulted from a bona fide adversary proceeding in the courts of Ohio, it should be followed unless this Court concludes that the Supreme Court of Ohio would decide otherwise. *Commissioner v. Estate of Bosch, supra* at 465. After reviewing the case law in Ohio, we are unable to reach that conclusion.

In *Sawyer v. Sawyer, supra*, the appellate court imputed an intent to the testator that the residuary bequest to his widow should not be burdened with any Federal estate tax. Relying on the decision of the Sixth Circuit Court of Appeals in *Estate of Penney v. Commissioner*, 504 F.2d 37 (6th Cir. 1974), the appellate court based its finding of intent on (1) the rule that absent express provision for payment of Federal estate taxes in a will, a testator's normal interest would be to maximize deductions and minimize tax liability, and (2) the purpose of the marital deduction statute to correct geographic inequality in the taxation of estates between decedents in common law and community property States.

Respondent argues that the Ohio Supreme Court's decision in *Y.M.C.A. v. Davis*, 106 Ohio St. 366, 140 N.E. 114 (1922), affd. 264 U.S. 47 (1924), makes all residuary legatees, including a surviving spouse, liable for Federal estate taxes assessable against an estate, citing *Estate of Penney v. Commissioner, supra*. Respondent also relies on *Foerster v. Foerster*, 54 Ohio Op. 441, 122 N.E.2d 314 (1954). The appellate court in *Sawyer v. Sawyer, supra*, effectively distinguished the *Y.M.C.A.* case and flatly disagreed with the decision of the probate court in the *Foerster* case.

Respondent also relies on the Ohio Supreme Court decisions in *Campbell v. Lloyd*, 162 Ohio St. 203, 122 N.E.2d 695 (1954), and *Hall v. Ball*, 162 Ohio St. 299, 123 N.E.2d 259 (1954). The *Campbell* case turned on a specific State statute applicable where a surviving spouse elects to take her intestate share against a will, while the *Sawyer* case was based on the construction of the will and a finding of testator's intent. The *Hall* case dealt with the question whether the residuary legatees, who were charitable organizations, should bear any of the estate tax. To hold otherwise, would have been to charge the

specific legatees with the full amount of the tax. Neither case provides any guidance in determining the intent of our decedent.

Finally, respondent contends that the appellate court's imputation of an intent to the testator that his surviving spouse's share of his residue pass free of any Federal estate tax is erroneous as a matter of construction. Respondent submits that the will clearly shows that the testator intended his widow and two sons to share equally in his residue; and that the imputation of an intent to the testator to free his widow's share from liability for estate taxes defeats that intent.

We are not convinced that the appellate court was in error in holding that the primary and controlling intent in the instant case was testator's desire to minimize the estate tax. The residuary legatees are all members of decedent's family. Thus, not only do the widow and estate get the maximum benefit of the marital deduction, but the other beneficiaries derive some benefit since the estate tax will be calculated on a lesser value and partly at lower rates. See *Estate of Dodd v. U.S.*, 345 F.2d 715, 719 (3d Cir. 1965); *White v. South Carolina Tax Commission*, 253 S.C. 79, 169 S.E.2d 143, 148 (1969).

Since we are not convinced that the Ohio Supreme Court would not follow the decision of the Court of Appeals of Ohio in *Sawyer v. Sawyer, supra,* our decision is controlled by the prior decision of that court. The surviving spouse's residuary share must therefore pass free of any Federal estate tax. In order to reflect concessions with respect to other issues,

*Decision will be entered under Rule 155.*