MENYUK, J.T.C.
Plaintiff contests an additional assessment of estate tax made by defendant Director, Division of Taxation (“Director”) pursuant to N.J.S.A. 54:38-1, as amended by L. 2002, c. 31, § 1. The dispute turns on whether, in computing the tax, the Director properly deducted from the residuary estate federal estate tax that would have been due had the decedent died before January 1, 2002, but which was not actually due under the federal estate tax laws as in effect on the date of the decedent’s death in December 2005. Both parties have moved for summary judgment. For the follow *585 ing reasons, I conclude that the Director correctly calculated the tax.
As amended by L. 2002, c. 31, § 1, N.J.S.A 54:38-1(a)(2) provides, in relevant part:
[T]here is hereby imposed an estate or transfer tax:
(2)(a) Upon the transfer of the estate of every resident decedent dying after December 31, 2001 which would have been subject to an estate tax payable to the United States under the provisions of the federal Internal Revenue Code of 1986 (26 U.S.C. s.1 et seq.), in effect on December 31, 2001, the amount of which tax shall be ..
(i) the maximum credit that would have been allowable under the provisions of that federal Internal Revenue Code in effect, on that date against the federal estate tax that would have been payable under the provisions of that federal Internal Revenue Code in effect on that date on account of taxes paid to any state or territory of the United States or the District of Columbia.[2]
The parties do not dispute the facts of this case and the matter is ripe for summary judgment. R. 4:46-2(c). The facts are as follows.
Mary Gray Stevenson died a resident of New Jersey on December 28, 2005. Her will was executed on May 2, 2005, subsequent to the 2002 amendment of N.J.S.A. 54:38-1. The will directed that all estate, inheritance, and other death taxes, federal or state, imposed with respect to property passing under the will or otherwise, be paid out of the residuary estate, without contribution, reimbursement or apportionment. The will contemplated that the estate was to have a non-marital share, intended to go to the decedent’s children and grandchildren, equal to the maximum amount that could pass free of both state and federal estate tax, as reduced by items that passed outside of the will. Pursuant to Internal Revenue Code Section (“IRC § ”) 2010 as in effect as of December 31, 2001, the amount that could pass free of federal estate tax (and, therefore, New Jersey estate tax[3]) was $675,000.
*586 The will further contemplated a marital share consisting of the residue of the estate that was to pass to the decedent’s husband. J.R.C. § 2056(a) provided generally, both as of December 31, 2001 and at the time of the decedent’s death in 2005, that property passing to a spouse is deductible from the taxable estate. Because the decedent’s brokerage account (whose value exceeded $675,000) passed outside the will to her children pursuant to a transfer on death agreement entered into by Mrs. Stevenson during her lifetime, no assets subject to probate qualified for the non-marital share. Consequently, the residue of the estate that was subject to probate passed to the decedent’s spouse.
As filed by the original attorney for the estate on September 26, 2006, the New Jersey estate tax return calculated tax in the amount of $76,826, which was paid. An amended return was filed by plaintiffs current counsel sometime in late April or early May 2007. The amended return calculated New Jersey estate tax in the amount of $53,239 and sought a refund of tax in the amount of $23,587. The Director issued a notice of assessment dated May 11, 2007, calculating tax in the amount of $77,689.35, or $863.35 in additional tax, plus interest in the amount of $62.68, for a total amount due of $926.03 (calculated as of June 20, 2007). Plaintiff filed an administrative protest and the Director affirmed the assessment in a final determination letter dated July 3, 2007. Plaintiff thereafter .filed a timely appeal of the Director’s final determination with the Tax Court.
Plaintiff contends that, in calculating the amount of New Jersey estate tax due, the Director erred by deducting from the residuary estate the amount of federal estate tax which would have been due had the decedent died in 2001. Because of significant changes in the federal tax laws made in 2001, no federal estate tax was actually due on this estate. See Economic Growth and Tax Relief Reconciliation Act of 2001, Pub.L. No. 107-16, §§ 511-532, 115 Stat. 38, 70-75 (2001). As a consequence of the Director’s deduction of what plaintiff calls “hypothetical” federal estate tax from *587 the residuary estate in the calculation of the New Jersey estate tax, the amount of the residuary estate eligible to pass to the decedent’s spouse free of tax pursuant to I.R.C. § 2056, was reduced. That reduction resulted in additional New Jersey estate tax, which in turn further reduced the residuary estate eligible for the marital deduction. The plaintiff argues that, in computing the New Jersey estate tax, the Director should only have deducted from the residuary estate the actual amount of federal estate tax paid by the plaintiff-in this case $0.
It is plaintiffs position that the policy expressed by both the federal and New Jersey death tax laws is to eliminate death taxes on estates payable to surviving spouses. Plaintiff therefore reasons that, for purposes of computing the New Jersey estate tax, the marital deduction should be reduced only by the actual amount of federal estate taxes paid rather than the amount of federal estate taxes computed pursuant to the federal estate tax laws in effect on December 31, 2001. As evidence of the legislative intent to tax favorably estates passing to surviving spouses, plaintiff points to the Economic Recovery Tax Act of 1981, Pub.L. No. 97-34, § 403, 95 Stat. 172, 301-05, which increased the marital deduction from 50% to 100%, and to New Jersey’s transfer inheritance tax, N.J.S.A. 54:33-1 to 54:37-7, which was amended by L. 1985, c. 57, § 1, to eliminate transfer inheritance tax on the transfer of property to a surviving spouse. See N.J.S.A. 54:34-2. Plaintiff contends that L. 2002, c. 31 did not announce a new intention to tax widows and widowers.
Plaintiff further asserts that New Jersey does not have the authority to override the provisions of the federal estate tax or to adopt a different view of the marital deduction than is set forth in federal tax regulations. According to plaintiff:
In adopting, by reference, the federal credit for state death taxes, New Jersey adopted the whole bundle of federal law — except to the extent it explicitly declared to the contrary. Once again, the statute and the legislative history are devoid of any declared intention to rewrite definitions of “gross estate,” or the allowable deductions, in particular the marital deduction or the charitable deduction. Once these items are determined, the credit for state death taxes is a function of them. It is a result of the gross estate and the marital deduction, not the other way around as the Division argues.
*588 The dispute is demonstrated in the calculations used by each party to determine the amount of the residuary estate eligible for the marital deduction pursuant to I.R.C. § 2056, and the associated computations for the federal estate tax and the New Jersey estate tax.
Residuary Estate
Plaintiff Defendant
Gross Estate $1,752,258 $1,752,258
Less:
(1) Brokerage account payable to children ($1,272,378) ($1,272,377)
(2) Administration Expenses ($20,793) ($20,793)
(3) Federal Estate Tax $0 ($345,619.10)
(4) New Jersey Estate Tax ($53,239) ($77,689.35)
Residuary estate to husband Passing free of tax $405,849 $35,779.55
Using their respective calculations for the marital share passing free of federal estate taxes, the parties calculated the New Jersey Estate Tax as follows:
Plaintiff Defendant
Gross Estate $1,752,258 $1,752,258
Deductions:
(1) Admin. Expenses ($ 20,793) ($20,793)
(2) Marital Deduction ($405,849) ($35,779.55)
Taxable Estate $1,325,616 $1,695,685.45
Tentative Federal Estate Tax $480,815 $643,858.45
Less:
Federal unified credit (see I.R.C. 8 2010) $220,550 $220,550
Fed. Tax before credit for NJ death taxes $260,265 $423,308.45
($ 53,239) ($ 77,689.35) Fed. Credit for NJ Estate Tax
*589 Net Fed. Estate Tax after credit for state death taxes $207,026 $345,619
NJ Estate Tax $ 53,239 $ 77,689.35
The method by which the Director derived the amount of the residuary estate eligible for the marital deduction is not self-evident. In determining the amount of property eligible for the marital deduction, the effect of federal and state death taxes on the marital share must be taken into account. I.R.C. § 2056(b)(4)(A); see also 26 C.F.R. § 20.2056(b)-4(c)(4) (“If the decedent bequeaths his residuary estate, or a portion of it, to his surviving spouse, and his will contains a direction that all death taxes shall be payable out of the residuary estate, the value of the bequest, for the purpose of the marital deduction, is based upon the amount of the residue as reduced pursuant to such direction .... ”). “The amount of the marital deduction and the amount of the federal estate tax are interdependent, requiring a circular computation for the final determination of both.” Jacob Rabkin, et al., I Rabkin & Johnson, Current Legal Forms 'with Tax Analysis, Comment, Form 7.14 (rev. 2007). “[A]n algebraic formula must be used to determine the amount of the marital deduction and the estate tax.” Jacob Rabkin, et ah, I Rabkin & Johnson, Current Legal Forms with Tax Analysis, supra, Comment, Form 7.56.[4] It appears that the plaintiff used a similar formula to take the New Jersey Estate tax into account.
As recounted in some detail in Oberhand v. Director, Div. of Taxation, 22 N.J.Tax 55, 58-63 (2005), rev’d on other grounds, 23 N.J.Tax 431 (App.Div.2006), certif. granted, 190 N.J. 255, 919 A.2d 849 (2007), the amendments made by L. 2002, c. 31 were enacted following extensive changes made to the federal estate tax law in 2001. The legislative history explained that, without the *590 changes made by L. 2002, c. 31, the State faced significant revenue losses. Oberhand, supra, 22 N.J.Tax at 61-62, quoting Assembly Budget Committee, Statement to Assembly Committee Substitute for A. 2302, at 2-3 (June 10, 2002); Senate Budget and Appropriations Committee, Statement to Senate Committee Substitute for S. 1378, at 2-3 (June 27, 2002).
Prior to the changes to the federal estate tax made by the Economic Growth and Tax Relief Reconciliation Act of 2001, Pub.L. No. 107-16, 115 Stat. 38 (2001), and the changes made to the New Jersey estate tax in response to that legislation, the New Jersey estate tax was integrated with the federal estate tax. Formerly, the New Jersey estate tax was imposed only on estates subject to the federal estate tax, and was equal to “the sum by which the maximum credit allowable against any federal estate tax payable to the United States under any federal revenue act on account of taxes paid to any state ... shall exceed the aggregate amount of all estate, inheritance, succession or legacy taxes actually paid to any state ... including [New Jersey]....” N.J.S.A. 54:38-1 as in effect prior to July 1, 2002, the effective date of L. 2002, c. 31 § 5.
The federal estate tax law, specifically I.R.C. § 2011, as in effect as of December 31, 2001, provided for a credit in the amount of death taxes actually paid to any state in respect of property included in the gross estate, subject to a maximum credit which increased with the size of the taxable estate. As explained by Judge Kuskin in Oberhand, the New Jersey tax prior to its amendment was a so-called “pick-up” tax because it was designed so that New Jersey could “pick-up” revenue that would otherwise go to the federal government in the absence of the New Jersey estate tax. Oberhand, supra, 22 N.J.Tax at 59.
The 2001 federal legislation increased over several years the amount that could be transferred free of federal tax under I.R.C. § 2010(c). In 2005, when Mrs. Stevenson died, $1,500,000 could pass free of tax. See Pub.L. No. 107-16, § 521(a), 115 Stat. 38, 71 (2001). The federal legislation also phased out over four years beginning in 2002 the state tax death credit contained in I.R.C. *591 § 2011. See Pub.L. No. 107-16, § 581(a)(3), 115 Stat. 38, 72-73 (2001); see also Oberhand v. Director, Div. of Taxation, 23 N.J. Tax 431, 435 (App.Div.2006), certif. granted, 190 N.J. 255, 919 A.2d 849 (2007).
In enacting L. 2002, c. 31, the New Jersey Legislature made it quite clear that it was “decoupling” from the federal estate tax law. The New Jersey estate tax was no longer a “pick-up” tax tied to the federal estate tax. Moreover, the Legislature explicitly repealed N.J.S.A. 54:38-8, which would have eliminated the New Jersey estate tax in the event that the federal estate tax was repealed or if the federal credit for state death taxes was eliminated. Contrary to plaintiffs contentions, then, the New Jersey Legislature clearly indicated that the New Jersey estate tax was no longer a pick-up tax and was imposed independently of the federal estate tax and of the federal credit for state death taxes.
Plaintiff insists that New Jersey lacks the power to override the terms of the federal estate tax and that the Director’s calculation of federal estate tax (and the amount eligible for the marital deduction) pursuant to the federal tax laws in effect as of December 31, 2001, is therefore incorrect. It must be remembered, however, that plaintiff’s actual federal estate tax liability was determined in accordance with the federal tax laws in effect as of the decedent’s death in 2005, and was unaffected by the New Jersey legislation. L. 2002, c. 31 does not purport to change federal estate tax laws, but simply to assess a New Jersey estate tax based upon a calculation of federal estate tax as it was in effect on December 31, 2001. Federal law in effect as of December 31, 2001 and as of the date of the decedent’s death required that, in computing the deductible marital share, “there shall be taken into account the effect which the [federal estate] tax ... or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest....” I.R.C. § 2056(b)(4)(A); 26 C.F.R. § 20.2056(b)-4(c)(4).
In construing a statute, a court must consider its plain language, read in accordance with its ordinary meaning, as long as that reading is consistent with the statute’s legislative intent. See
*592 Koch v. Director, Division of Taxation, 157 N.J. 1, 7, 722 A.2d 918 (1999) (citations omitted). If the plain language is clear and unambiguous, and has only a single interpretation, a court should not inquire further than the literal terms of the statute. Ibid.
N.J.S.A 54:38-1(a)(2)(i) plainly states that, for the estates of resident decedents dying after December 31, 2001 which would have been subject to the federal estate tax as in effect on that date, the amount of the New Jersey estate tax is equal to the maximum federal credit for state death taxes allowable on that date. See N.J.S.A. 54:38-1(a)(2)(i); see also Oberhand, supra, 22 N.J.Tax at 64 (in which Judge Kusltin concluded that “the Director’s responsibility is simply to determine estate distributions under the law in effect on the date of death and apply to those distributions the federal estate tax law in effect on December 31, 2001”). Contrary to plaintiffs suggestion, the Director was not required to promulgate a regulation. The Director’s calculation was “expressly authorized by or obviously inferable from the specific language of the enabling statute.” Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 329, 478 A.2d 742 (1984).
The plaintiff advances various policy reasons why the Legislature could not have intended to mean what the plain words of the statute say. In determining that L. 2002, c. 31 was validly applied retroactively with respect to the estates of decedents dying before the effective date of the statute, the Appellate Division noted:
The estates’ inappropriately rely on the principle that when the “interpretation oí a taxing provision is in doubt, and there is no legislative history that dispels that doubt, the court should construe the statute in favor of the taxpayer.” But here we have no doubt about what the statute means and the legislative history strongly supports enforcement of its express language. In essence, the estates are really seeking an exemption from a taxing statute, and in that circumstance, the governing principle is that “the probable legislative intent is one of inclusion and exemptions are to be construed narrowly.” But we need not resort to that principle because the statutory language and legislative history leave no doubt as to the law’s meaning.
[Oberhand v. Director, Div. of Taxation, supra, 23 N.J.Tax at 436 (citations omitted).]
The plaintiffs argument here is similarly inappropriate, although it is seeking an abatement rather than a full exemption from the tax.
*593 The plaintiff also argues that the will does not allocate imaginary taxes to the residuary estate and that in the absence of testator direction, New Jersey case law presumes an intent to maximize the marital share, and to allocate taxes to the taxable non-marital share. Plaintiff therefore concludes that its calculation of the marital share (computed without subtraction of federal estate tax and the resulting increased New Jersey estate tax) is the only correct interpretation.
Mrs. Stevenson’s will quite clearly provides for the payment of taxes from the residuary estate. Accordingly, the cases cited by plaintiff have little relevance here. In Gesner v. Roberts, 48 N.J. 379, 225 A.2d 697 (1967), the will made no express provision as to taxes. In re Estate of Rankin, 169 N.J.Super. 317, 404 A.2d 1200 (App.Div.1979), involved the allocation of taxes among several residuary beneficiaries.
There apparently has been no action to reform the will in accordance with what plaintiff contends was the testator’s intent to minimize taxes or to allocate the payment of taxes to the non-probate assets. The plaintiff insists that this court should “strike down” what it regards as the Director’s overly zealous effort to “bolster state revenues,” rather than having estates bear the burden of bringing actions to reform the will.
I conclude that the Director’s computation of the tax was required by the plain words of N.J.S.A. 54:38-1(a)(2). The tax is correctly calculated by giving effect to the terms of the will and its directions for distributing the estate in existence as of the decedent’s date of death, and by using the federal statutes and rules in effect as of December 31, 2001 for the calculation of the federal credit for state death taxes, and the resulting New Jersey estate tax. Those same federal statutes and rules required taking into account the amount of federal estate tax to be paid out of the residuary estate in computing the marital deduction. Summary judgment affirming her final determination is granted to the Director. The plaintiffs motion for summary judgment is denied.

 The statute provides for an alternative calculation that is not relevant here.

 Prior to its amendment by L. 2002, c. 31, the New Jersey estate tax was imposed only on estates subject to the federal estate tax. See N.J.S.A. 54:38-1 as in effect prior to the enactment on July 1, 2002 of L. 2002, c. 31, effective on the *586 date of its enactment and made applicable to the estate of any resident decedent dying after December 31, 2001. L. 2002, c. 31, § 5.

 Although plaintiff contends that, in computing the amount of the marital deduction, the Director should not have used the amount of federal tax that would have been due under the federal laws in effect as of December 31, 2001 in determining the amount of the marital deduction, it does not dispute that if the Director's interpretation of the statute is correct, then the Director's calculations of the marital deduction and the associated federal estate tax are correct.