In the Matter of the Estate of Scott Wheeler, Deceased.
First Methodist Church of Western Springs, Illinois,
and the Trustees of the First Methodist Church of
Plano, Illinois, Appellants, v. Russell E. Owens, Ap-
pellee.

Gen No. 50,303.

First District, First Division.

December 13, 1965.

Eugene F. Parker, of Aurora, and James O. Basta, of Oak Park, for appellant.

Herrick, Vette, McNeill & McElroy, of Chicago (William T. McNeill and Moore W. Peregrine, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

The First Methodist Church of Western Springs, Illinois, and the Trustees of The First Methodist Church of Plano, Illinois, specific legatees under the Last Will and Testament of Scott Wheeler, deceased, appeal from an order entered in the Probate Division of the Circuit Court directing decedent's executor to pay the inheritance tax levied on property of a revocable inter vivos trust created by the decedent, which trust property vested in one Russell E. Owens, upon the death of the decedent. The chronology of essential events is as follows:

On June 22, 1956, the decedent, Scott Wheeler, established a trust with the Chicago Title & Trust Company, as trustee, wherein he was beneficiary of the proceeds with full power to assign any or all right, title and interest or dispose of any or all of them. He retained the right to revoke, alter or amend the provisions thereof relative to the person or persons who might be entitled, from time to time, to the ownership and enjoyment of any beneficial interest thereunder. He did provide that in the event of his death, during the existence of said trust, all such right, title or interest, not previously assigned or otherwise disposed, should vest in said Russell E. Owens, if he be then living. Thereafter, on three different occasions, he amended the trust but each time confirming his right to the whole thereof and only making changes as to the beneficiary or person to whom the trust assets should pass in the event of his death and in the event the trust were in existence. The final amendment was made on

202

December 4, 1958, and the assignment was to Russell E. Owens, if he survived the settlor.

On December 11, 1958, one week after the last amendment, Scott Wheeler, the decedent, executed his Last Will and Testament. The aforementioned legatees were among those listed therein. The significant and pertinent part of the will essential to disposition of the issues herein was Article Nine which read as follows:

> I direct my Executor, hereinafter named, to pay out of the principal of my estate, or to make deposits therefrom to secure such payments, all estate, inheritance, transfer and succession taxes, including any interest and penalties thereon, which may be assessed in any way by reason of my death, and I hereby waive on behalf of my estate any right to recover from any person any part of such taxes so paid.

Scott Wheeler died April 5, 1963, and the will was admitted to probate. The inter vivos trust property passing to Russell E. Owens was assessed at $67,500 and inheritance tax thereon set at $8,384.

Owens filed a petition in the probate estate to have the executor directed to pay the Illinois inheritance tax assessed on the trust property. The executor filed answer thereto requesting that he be relieved of any duty or obligation to pay the tax. He alleged that the assets of the estate were insufficient to pay in full the specific bequests of the will; that the residuary legatees would receive nothing, and if required to pay the tax on the property left to Owens, the specific legatees would suffer a further reduction.

The matter was submitted to the court on the petition, answer, brief and arguments of counsel. The court entered the order and only these specific legatees appeal.

The parties, on appeal, agree (a) that the initial burden of Illinois inheritance tax is placed on the suc-

cessor to the property, be he legatee, devisee, donee or beneficiary (In re Estate of McCalmont, 16 Ill App2d 246, 262, 148 NE2d 23 (1958)); (b) that our courts have held a testator may, by appropriate terms in his will, shift the burden of the inheritance tax on property passing under his will, and provide that such taxes be paid out of general or residuary estate or out of a particular fund. (In re Estate of Betts, 2 Ill App2d 453, 119 NE2d 801 (1954)); and (c) that no Illinois cases have dealt with the specific question of whether a testator may shift the burden of Illinois inheritance tax from property passing outside of the will. Thus, the issues raised in this appeal are (1) whether an executor may, by appropriate language in a will, be compelled to pay the Illinois inheritance tax on property which passes upon the testator's death but which is not an asset of the probate estate; and (2) whether the language used in Article Nine of the Last Will and Testament of Scott Wheeler is sufficient to so indicate.

The legatees in this appeal contend that "it is the intent of the Illinois inheritance tax laws that each legacy shall bear the tax due thereon." They cite In re Estate of McDonald, 314 Ill App 148, 150, 41 NE2d 128 (1942), where the court said: "Under inheritance tax laws, such tax is not considered one of the expenses of administration, or a charge upon the general estate of the decedent. It is in the nature of a tax upon the right of succession to be imposed upon the several amounts to which the successors thereto are entitled, and is a charge against each share or interest according to its value and against the persons entitled thereto [citing authorities]." From this they argue that in the absence of *authority* permitting the burden of inheritance tax on nonprobate property to be shifted to the executor the Revenue Act (Ill Rev Stats 1953, c 120, § 378) itself should govern and the burden of tax remain on the recipient.

The legatees, however, admit that all Illinois cases are in accord with another principle set forth in the McDonald case, namely, that:

It is considered competent for a testator to specify what property shall assume the burden of inheritance tax on the transfer or the right of succession of his estate. For example, he may provide that such taxes shall be paid out of the general or residuary estate, or out of a particular fund. Since the effect of such a provision is to increase the gift, the intent of the testator to make such a gift will not be drawn from vague or uncertain language. The question depends upon the intent of the testator as set forth in his will. 28 Am Jur 137, par 280 (p 150).

■■ The Illinois cases hold, without exception, that the intention of the testator to shift payment of the taxes, if indicated by appropriate language in his will, is controlling. The cases draw no distinction between testamentary and nontestamentary assets or transfers. And we can find no reason for such distinction so long as the testator's intention is clearly manifest. That the recipient or beneficiary of the property is the primary obligor is undenied, but the state is not concerned with who actually pays so long as payment is made. Owens recognized this and therefore proceeded by petition to direct the executor to pay in his behalf in accord with the testator's intention. It is our opinion that a testator can shift the burden of payment of the inheritance tax on nonprobate transfers as well as transfers within the probate estate.

■■ The basic issue therefore is: Was it the testator's intention that the inheritance taxes on the inter vivos trust property passing to Owens be paid out of the probate estate? The intention must be ascertained from the language of the will itself and where the language on

its face has a clear and unmistakable meaning, that meaning will be taken as the expression of his intention. Tortured constructions will not negate the intention expressed on the face of the will. Peck v. Drennan, 411 Ill 31, 38, 103 NE2d 63 (1952).

The legatees say that certain language may be clear and unambiguous when used in one context and yet when used in another context may be ambiguous and unclear. Such, they argue, is the issue regarding the language in Article Nine of Wheeler's will. It is clear, they say, regarding payment of taxes on probate assets and unclear regarding payment on nonprobate property. Therefore, they contend, failure to identify the inter vivos trust specifically in the will is an important fact in support of the conclusion that the testator did not intend that his executor pay the inheritance tax levied against it.

We cannot agree with this contention. Article Nine directed the executor to pay out of the principal of his estate *"all estate, inheritance, transfer and succession taxes . . . which may be assessed in any way by reason of my death . . . ."* (Emphasis added.)

In re Halle's Will, 270 NY App Div 619, 61 NYS2d 694 (1946), the court considered the words of the will: "I direct that all inheritance, estate, transfer and succession taxes be paid out of my residuary estate." In holding that this provision clearly expressed the intention that taxes upon two joint bank accounts were included and were to be paid by the executor, without reimbursement from the beneficiaries, the court said (p 696): "The interest of decedent in said bank accounts passed by transfer or succession upon her death, up to which time they remained her property and subject to her control. The direction in the will for the payment of taxes is as broad and comprehensive as would seem possible. It directs the payment of 'all' estate, transfer and succession taxes as well as inheritance taxes. We do not consider that the intention of testator [sic] to include

206

taxes on the bank account was made uncertain or rendered doubtful because broad and all inclusive language was used. Conceding that more explicit words of narrower scope could have been used, skillful draftsmanship frequently calls for the use of broad language in preference to a narrower form."

The language of Article Nine, before us, is all inclusive and clear. It included all . . . taxes . . . assessed . . . in any way . . . by reason of testator's death. The inter vivos trust was in his exclusive control and remained his property until his death. Having passed by reason of his death, it was subject to inheritance taxes.

Central Trust Co. of Cincinnati v. Lamb, 74 Ohio App 299, 58 NE2d 785 (1944) dealt with an inter vivos trust which passed upon the death of the donor. The law cast the tax burden upon the beneficiary of the trust. In deciding the donor's intent expressed in her Last Will and Testament as follows: "I further direct my executor to pay as expenses of administration all inheritance, succession and estate taxes that may be levied or assessed by reason of my death," the court said (p 789):

> Testatrix plainly said that not part, but "all inheritance, succession, and estate taxes that may be levied or assessed by reason of my death" shall be paid by her executor as expenses of administration. . . . Obviously, she had in mind her taxable estate, the technical words of inheritance, succession, estate taxes were used . . . by particular design. By reaching out to indulge a technical rather than ordinary construction of the words "my estate" to upset the plain, all-inclusive language used, would, it seems, defeat rather than ascertain the meaning of the language used, taken in connection with the will as a whole and the surrounding circumstances at the time of the execution of the

will. The law presumes that the testatrix knew the succession to the trust corpus was taxable when she made her will, and the words "my estate" being subject to a latent ambiguity and less clear [referring further to the words of the will "no such tax shall be charged by my executor against the shares of the principal or income of any beneficiary of my estate"], will not be construed to change the clear statement of intent that all taxes arising by reason of her death were to be paid by her executor as expenses of administration.

We hold that the language in the will before us in the case at bar indicated a clear intention on the part of the testator to shift the burden of inheritance taxes assessed upon the inter vivos trust to the principal of his probate estate.

For the reasons herein expressed the order of the Probate Division of the Circuit Court is affirmed.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.