(No. 52841.—

*In re* ESTATE OF LYMAN GOWLING, Deceased (Lyman Fleming *et al.*, Appellants, v. Pearl Gowling *et al.*, Appellees).

*Opinion filed September 29, 1980.*

Michael J. McDonald, of Jerseyville, for appellants Virginia Prosser and Lyman Fleming.

Gerald J. McGivern, of Wiseman, Shaikewitz, McGivern & Wahl, P.C., of Alton, for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This appeal presents a question of apportionment of Federal estate tax liability among recipients of the assets of the estate of testator, Lyman Gowling. The circuit court of Jersey County ruled that the taxes should be paid from probate assets, thereby excluding the remainder

interests of plaintiffs Lyman Fleming and Virginia Prosser, interests acquired by deeds executed in 1963. On appeal by testator's widow, Pearl Gowling, the appellate court reversed, holding that the tax liability should be apportioned among all assets of the estate which generated that liability (77 Ill. App. 3d 548). Lyman Fleming and Virginia Prosser would thereby be required to bear a proportionate share of the tax liability, since their remainder interests generated part of that liability, and Pearl Gowling would not be required to pay any part of the taxes, since her interest qualified for the marital deduction allowed by Federal law. We granted the petition for leave to appeal of Lyman Fleming and Virginia Prosser.

In April of 1963, testator and his spouse at that time, Nettie Gowling, deeded two parcels of farm property to Lyman Fleming, testator's grandson, and to Virginia Prosser, testator's daughter, reserving life estates. Nettie Gowling died in 1967, and testator thereafter married Pearl Gowling, defendant herein. On November 21, 1977, testator died, survived by Pearl. In his will, testator specified that crops growing or harvested on the land deeded to the remaindermen, Lyman Fleming and Virginia Prosser, but on which the landlord's (testator's) share had not been paid, should not be included in his estate and should belong to the remaindermen. Testator also bequeathed to Gene Prosser and Lois Call, share and share alike, his accounts in the Jersey Savings and Loan, and to his wife, Pearl, any remaining bank accounts. Testator provided that the residue should go to Virginia Prosser. Lyman Fleming was named executor. At testator's death, he held various savings accounts, checking accounts and certificates of deposit in joint tenancy with his wife, Pearl, totaling $19,000.

On June 29, 1978, Lyman Fleming, in his capacity as executor, filed a petition to establish and assess Federal estate tax and debt liability. Count I of that petition

relates to Federal estate taxes and is the only count of concern to us here. The allegations contained therein are as follows:

"1. The residuary estate *** is $1,211.04.

2. The will heretofore admitted to probate contains no provisions as to the payment of the federal estate taxes.

3. The total gross estate, as shown on the United States Estate Tax Return for LYMAN GOWLING attached hereto and made a part hereof, is $436,943.35.

4. By specific bequests in the will, joint tenancies, previous deeds to real estate wherein a life estate was reserved by decedent, and the residuary paragraph of the will, the following individuals have received or are to receive the following amounts, comprising the total gross estate for federal estate taxes.

| | | |
|---|---|---|
| a. Lyman Fleming | $232,600.00 or | 54% of Total |
| b. Virginia Prosser | 114,561.04 or | 26% of Total |
| c. Pearl Gowling | 71,412.03 or | 16% of Total |
| d. Gene Prosser | 9,185.14 or | 2% of Total |
| e. Lois Call | 9,185.14 or | 2% of Total |
| | $436,943.35 | 100% of Total |

5. The total amount of federal estate taxes that are to be paid are $72,142.62.

6. Pursuant to law residuary assets are to be used to pay estate taxes and debts.

7. After applying the residuary assets to the payment of federal estate taxes, there will be a balance of $70,931.58 to be paid.

8. The law applicable in Illinois is that when the will is silent as to payment of federal estate taxes, each beneficiary is to pay his or her proportionate share, using the amount of the total gross estate for federal estate taxes as the denominator."

Based on these allegations, the petition prayed that Federal estate tax liability be apportioned among the various recipients of the assets of the estate as follows: Lyman Fleming, $38,303.06; Virginia Prosser, $19,653.25 (representing residuary assets of $1,211.04 plus 26% of $70,931.58); Pearl Gowling, $11,349.05; Gene Prosser, $1,418.63; and Lois Call, $1,418.63.

Pearl Gowling objected to the petition, arguing that she, as surviving spouse, could not be required to contribute to the payment of Federal estate taxes because the property she received qualified for the marital deduction allowed by Federal law and therefore did not generate tax liability. Lyman Fleming, in his capacity as remainderman, and Virginia Prosser, also a remainderman, objected to the petition, arguing that the deeds of April 1963 under which they took their interests evidenced a donative intent on the part of testator and his spouse at that time, Nettie Gowling, to convey interests free of encumbrances such as Federal estate taxes.

On December 4, 1978, the circuit court conducted a hearing on the petition. The court initially found no need to appoint a special administrator for the estate even though Lyman Fleming was appearing as both executor and as a remainderman, and all parties indicated that they had no objection to this finding. After hearing arguments of the parties, the court ruled that Federal estate taxes should be paid with probate assets to the extent that such assets were sufficient to meet that liability. The court reasoned that a provision of the testator's will, authorizing the executor to settle claims against the estate, indicated the testator's intention that probate assets be used to settle Federal estate taxes, since amounts owed the Federal government represent a class of claims that may be asserted against the estate (Ill. Rev. Stat. 1975, ch. 3, par. 18—10). This reasoning was rejected in *Roe v. Estate of Farrell* (1978), 69 Ill. 2d 525, 530-31. Because of its disposition of the case, the circuit court found it unnecessary to address the issues of whether tax liability should be apportioned and whether the 1963 deeds to Lyman Fleming and Virginia Prosser evidenced the intent of the grantors that Lyman Fleming and Virginia Prosser be free of estate tax liability.

Pearl Gowling appealed to the appellate court, arguing

that the circuit court erred in requiring her to contribute to the payment of estate taxes, since her interest qualified for the marital deduction allowed by Federal law and therefore generated no tax liability. The appellate court agreed, reversing the judgment of the circuit court. (77 Ill. App. 3d 548.) The appellate court further held that the estate tax liability should be apportioned among all recipients of estate assets, except Pearl Gowling, and the court remanded the cause to the circuit court to "determine and charge probate and nonprobate assets with that portion of the total tax obligation which is attributable to the assets received, but excluding that portion of any property which did not contribute to estate tax. The proportionate share of tax attributable to the probate assets of the estate (excluding the property qualifying for the marital deduction) shall be borne to the extent possible by the residue of those assets, and upon extinguishment of that sum shall be paid out of the remaining probate assets according to the rules on abatement." (77 Ill. App. 3d 548, 554.) Lyman Fleming, in his capacity as remainderman, and Virginia Prosser, also a remainderman, appeal.

The authority of the States to determine how Federal estate tax liability should be apportioned in the absence of directions by the decedent was recently discussed in *Roe v. Estate of Farrell* (1978), 69 Ill. 2d 525, 529-30:

"Unlike our inheritance tax, which is a tax on the right of succession to the beneficial interest in the property of a decedent (*In re Estate of Greiner*, 412 Ill. 591, 594), the Federal estate tax is imposed on the transfer of the taxable estate as a whole (Int. Rev. Code of 1954, sec. 2001). If a decedent's probate assets are insufficient to satisfy the Federal estate tax, persons holding nonprobate assets includible by law in the Federal gross estate are liable to the extent of the value of

those assets, and the tax becomes a lien against those assets if the tax is not satisfied in full. (Int. Rev. Code of 1954, sec. 6324.) There is, however, no express provision made in the Internal Revenue Code for contribution from persons acquiring non-probate assets, such as surviving tenants of jointly held property, to satisfy the estate tax, if the executor is able to satisfy all or a portion of the tax out of probate assets, except in the case of life insurance proceeds (Int. Rev. Code of 1954, sec. 2206) and property subject to appointment (Int. Rev. Code of 1954, sec. 2207).

This absence of any Federal provision for contribution by persons acquiring nonprobate assets led some to believe that it was the intent of Congress that equitable apportionment between probate and nonprobate assets to satisfy the tax should not be permitted. The Supreme Court of the United States in 1942 in *Riggs v. Del Drago,* 317 U.S. 95, 97-98, 87 L. Ed. 106, 110-11, 63 S. Ct. 109, 110, however, made it clear that the States were free, if they chose, to apportion the burden or 'ultimate impact,' as the court put it, of the estate tax. Following the holding in *Riggs,* statutes were enacted in many States to provide upon whom the burden of the Federal estate tax would rest. (See Annot., 71 A.L.R.3d 247 (1976).) In other jurisdictions the question has been resolved by the courts. It would appear that most of those States that have considered the question have allowed some type of apportionment of the tax burden. (See Annot., 68 A.L.R.3d 714 (1976).)"

Illinois has no statute specifying who bears the burden of Federal estate taxes, and the court held in *Roe* that the burden should be apportioned equitably. The court, quoting from *In re Estate of Van Duser* (1974), 19 Ill.

App. 3d 1022, 1024, stated, " '[L] ogic, reason, and simple justice dictate that, unless there is a contrary intention expressed by the decedent, as in a will in testate estates, the doctrine of equitable contribution should be invoked as to nonprobate assets to fairly distribute the Federal estate tax burden.' " (69 Ill. 2d 525, 532.) *Roe* involved the question of whether Federal estate taxes should be apportioned between the probate and nonprobate assets of an intestate decedent, and the court held that, under the circumstances, such apportionment was proper, since the nonprobate assets generated a large part of the tax liability. Prior to the appellate court decision herein, no Illinois court had answered the precise questions presented now of whether *Roe* applies to testate estates and whether a surviving spouse can be required to contribute to the defrayment of Federal estate tax liability when the interest taken by that spouse qualifies for the marital deduction allowed by Federal law, thereby generating no tax liability. But see *Farley v. United States* (Ct. Cl. 1978), 581 F.2d 821, 834 (Illinois Supreme Court is likely to apply the reasoning of *Roe* to a testate estate and to hold that a surviving spouse whose interest qualifies for the marital deduction should not be required to contribute to the payment of Federal estate taxes).

As to the first question, we find no reason why *Roe* should be inapplicable to testate estates. The reasoning employed there is equally applicable here. In the absence of directions from the decedent, an apportionment of Federal estate tax liability must be made, regardless of whether the decedent has written a will. In accordance with *Roe,* we hold that a proportionate share of the Federal estate tax liability of the estate of Lyman Gowling should be borne by the nonprobate interests of Lyman Fleming and Virginia Prosser, since those interests generated a large part of the estate tax liability.

As to the second issue of whether the surviving spouse

must contribute to the payment of taxes when her interest generates no tax liability, we agree with the court in *Farley v. United States* (Ct. Cl. 1978), 581 F.2d 821, that such contribution is not proper under Illinois law. *Farley* involved the testate estate of Marshall Field IV, an Illinois resident, and the court there was presented with the issue of whether, in light of the decision in *Roe,* Field's widow would be required to bear part of the liability for Federal estate taxes even though her elective share qualified for the marital deduction. The court noted that *Roe* "permits or requires the equitable apportionment of the burden of federal estate taxes in accordance with the relative values of the property generating the taxes and the property that does not," and it concluded that this court, if presented with the question, would rule that "it is inequitable to require a widow whose property generated no tax to contribute to the payment of the tax generated by property received by others." (581 F.2d 821, 834.) In explanation of its conclusion, the court further stated, "Protection of the interest of the widow against competing claims to her husband's estate has been a part of Illinois statutory and judicial policy since 1787" (581 F.2d 821, 834), and "Congress intended to allow a portion of the property of a decedent to pass to his surviving spouse free of the burden of federal estate tax" (581 F.2d 821, 835). We agree with this reasoning and join those courts which have held that a surviving spouse is entitled to the benefits of the marital deduction undiminished by any part of Federal estate tax liability. *Estate of Whipple v. United States* (6th Cir. 1969), 419 F.2d 494, 497-99 (applying Kentucky law); *Dodd v. United States* (3d Cir. 1965), 345 F.2d 715 (applying New Jersey law); *Pitts v. Hamrick* (4th Cir. 1955), 228 F.2d 486, 490 (applying South Carolina law); *Robertson v. United States* (N.D. Ala. 1968), 281 F. Supp. 955, 963 (applying Alabama law); *In re Estate of Collins* (D.D.C. 1967), 269 F. Supp.

633 (applying Federal law); *First National Bank v. United States* (D. Kan. 1964), 233 F. Supp. 19, 27-29 (applying Kansas law); *Weyenberg v. United States* (E.D. Wis. 1955), 135 F. Supp. 299, 303 (applying Wisconsin law); *Byars v. Mixon* (1974), 292 Ala. 657, 659-60, 299 So. 2d 259, 260-61; *In re Estate of Marks* (1974), 129 N.J. Super. 276, 283-85, 322 A.2d 860, 864-65; *Alexandria National Bank v. Thomas* (1973), 213 Va. 620, 624-26, 194 S.E.2d 723, 726-27; *Clark v. South Carolina Tax Com.* (1972), 259 S.C. 161, 167-70, 191 S.E.2d 23, 25-26; *Stoner v. Custer* (1969), 252 Ind. 661, 668, 251 N.E.2d 668, 672; *In re Estate of Rosenfeld* (1954), 376 Pa. 42, 101 A.2d 684; *Lincoln Bank & Trust Co. v. Huber* (Ky. App. 1951), 240 S.W.2d 89; see also *First Trust Co. v. United States* (D. Minn. 1975), 402 F. Supp. 778, 781-83 (applying Minnesota State inheritance tax law).

Plaintiffs Lyman Fleming and Virginia Prosser, as remaindermen, argue that they, too, should be exempted from paying Federal estate taxes. Two grounds are asserted in support thereof. First, they argue that testator's will evidences his intention that they take their interests unencumbered by liability for Federal estate taxes. Specifically, they point to that provision which states, "I have hereunto conveyed my farms to my daughter, VIRGINIA PROSSER, and my grandson, LYMAN E. FLEMING, reserving a life estate." It is argued that, under *In re Estate of Fairchild* (1974), 21 Ill. App. 3d 459, this provision should be construed to relieve Lyman Fleming and Virginia Prosser of Federal estate tax liability. We are not persuaded by this argument and find that the court in *Fairchild* denied apportionment (1) because of its mistaken premise that apportionment was not appropriate in testate estates, absent legislative authorization, and (2) because of its reliance on the rule that Federal estate taxes are payable *in toto* from the residuary estate if that

estate is sufficient to pay such taxes. 21 Ill. App. 3d 459, 461-62.

Alternatively, Lyman Fleming and Virginia Prosser argue that the deeds by which they took their interests evidence a donative intent on the part of testator and his wife at that time, Nettie Gowling, that there should be no encumbrances such as Federal estate taxes on the remainder interests thereby taken. No particular language of the deed itself is relied upon in making this argument, and we believe that the act of testator in executing the deeds does not alone support the argument made. A similar question was answered in *Roe,* where the court determined whether the creation of a joint tenancy evidenced the decedent's donative intent. The court noted that the tenants, including the decedent, had contributed equally toward the purchase of the property held in joint tenancy, and it found "no basis for holding that the existence of the joint tenancy *** disclosed any donative intent of the decedent." (*Roe v. Estate of Farrell* (1978), 69 Ill. 2d 525, 531.) Lyman Fleming and Virginia Prosser claim that the circuit court erred in barring testimony in support of their argument on this point, but we find no error. If the alleged donative intent could not be discerned from the instrument itself, the circuit court could properly conclude that parol evidence would be inadmissible to supply it.

In sum, we conclude that the circuit court erred in ruling that Pearl Gowling should contribute to Federal estate taxes and that Lyman Fleming and Virginia Prosser should be exempted therefrom. The appellate court properly held that Pearl Gowling should take her interest undiminished by Federal estate taxes and that Lyman Fleming and Virginia Prosser should be required to contribute thereto.

For the foregoing reasons, the judgment of the appellate court, reversing the judgment of the circuit court of

26

Jersey County and remanding the cause to the circuit court with directions (77 Ill. App. 3d 548, 554), is affirmed.

*Judgment affirmed.*