188 Ill. App.3d 336 (1989)
544 N.E.2d 109
In re ESTATE OF CLARA S. FRY, Deceased (George D. Fry et al., Coex'rs, Petitioners-Appellants,
v.
David Arndt, Respondent-Appellee).
No. 3-88-0696.
Illinois Appellate Court  Third District.
Opinion filed September 7, 1989.
*337 Louis E. Neuendorf, of Louis E. Neuendorf & Associates, of Sandwich, for appellants.
Bruce M. Konzelman, of Codo, Bonds, Zumstein & Konzelman, P.C., of Joliet, for appellee.
Judgment affirmed.
JUSTICE BARRY delivered the opinion of the court:
The petitioners, George D. Fry and Louis E. Neuendorf, as coexecutors of the estate of Clara S. Fry, filed a petition for the equitable apportionment of estate taxes, attorney fees, and expenses of administration against the respondent, David Arndt, who is the beneficiary of an inter vivos trust established by the decedent. The respondent filed a motion to dismiss the petition. Following a hearing on the respondent's motion, the trial court granted it. The petitioners appeal.
 1 Taken with this appeal is the petitioners' motion to amend the record pursuant to Supreme Court Rule 329 (107 Ill.2d R. 329). The motion requests that the Federal tax return for Clara S. Fry be included in the record on appeal. The respondent does not contest the motion and in fact in his brief relies upon the information contained in the tax return. Because we find that this document would be beneficial to our understanding of the case and would not prejudice the respondent, the petitioners' motion is granted. See People v. Guest (1986), 115 Ill.2d 72, 503 N.E.2d 255.
The record reveals that on November 18, 1971, Clara S. Fry executed a deed in trust conveying to herself as trustee approximately 100 acres of land located in Will County, Illinois. Upon her death, a designated successor trustee was to then convey the property to the respondent. On August 8, 1986, Clara executed a will designating her stepson George Fry as the sole beneficiary. The will also contained a specific bequest of $3,000 to her church and referred to the existence of the inter vivos trust and the respondent's interest in that trust.
The record further shows that after Clara's death, the trustee conveyed the property to the respondent pursuant to the deed in trust. Although the property was not a probate asset, it was subject to Federal estate tax and valued at $700,000. It was the only nonprobate asset.
*338 The will was subsequently admitted to probate. It contained the following language relevant to this appeal:
"ARTICLE ONE

The expense of my last illness, my funeral and the administration of my estate shall be paid out of the principal of my residuary estate.
ARTICLE TWO
All estate and succession taxes, including interest and penalties payable by reason of my death, shall be paid out of and be charged against the principal of my residuary estate, without reimbursement from any person."
The value of the assets constituting the residue of the estate was $93,469.16. The last illness, funeral, and administration expenses totalled $98,485.45. There was also the specific preresiduary legacy of $3,000 and a preresiduary bequest of personal property shown on the decedent's Federal estate tax return as having a value of $2,500. Therefore, the last illness, funeral, and administrative expenses, as well as the specific preresiduary cash legacy, totalled $101,485.45. Payment of these expenses would exceed the value of the residuary estate and would leave no funds for the payment of the $158,938.32 in Federal estate taxes and the $34,011.09 in State taxes.
The petitioners filed a petition seeking equitable apportionment of Federal and Illinois estate taxes owed by the estate, along with the attorney fees and expenses of administration incurred on behalf of the nonprobate asset. The respondent filed a motion to dismiss the petition, which was granted by the trial court. In dismissing the cause, the court found that article two of Clara S. Fry's will clearly and unequivocally expressed her intent to waive on behalf of her estate any claim or right to reimbursement or apportionment of taxes from the respondent as beneficiary of the nonprobate asset. The court also found that this intent was controlling and that equitable apportionment therefore could not be allowed.
The petitioners argue on appeal that the trial court erred in dismissing their petition for equitable apportionment.
 2 Initially, we note that Illinois does not have an equitable apportionment statute. Illinois courts have, however, consistently applied the doctrine of equitable apportionment to intestate and testate estates, thereby permitting the apportionment of Federal estate taxes among recipients of probate and nonprobate assets. (Roe v. Estate of Farrell (1978), 69 Ill.2d 525, 372 N.E.2d 662; In re Estate of Gowling (1980), 82 Ill.2d 15, 411 N.E.2d 266.) Equitable apportionment *339 will not be allowed, however, as to nonprobate assets where the testator has expressed a clear intention to the contrary. Horwitz v. Ritholz (1984), 125 Ill. App.3d 193, 465 N.E.2d 642.
The petitioners in the instant case concede that the decedent's will clearly and unambiguously stated that the taxes owed by her estate were to be paid from the residuary estate and without reimbursement from anyone. They argue, however, that equitable apportionment should nonetheless be applied in this case because the fund from which the taxes were to be paid has been exhausted. In support of this, the petitioners cite several cases from other jurisdictions where equitable apportionment was allowed when the designated fund for payment was exhausted. The petitioners allege that no Illinois cases have addressed this issue. We note, however, that this issue was addressed by the first district in In re Estate of Wheeler (1965), 65 Ill. App.2d 201, 213 N.E.2d 35. We further note that Illinois case law is controlling as to equitable apportionment issues in Illinois estates. Riggs v. Del Drago (1942), 317 U.S. 95, 87 L.Ed. 106, 63 S.Ct. 109.
In Wheeler, the testator, prior to the execution of his will, created a revocable inter vivos trust, the corpus of which was to vest in Russell Owens upon the settlor's death. The testator then executed a will which provided that all taxes were to be paid out of the principal of the estate and that any right to recover the paid taxes from any person was waived. Although the trust was not a probate asset, it was subject to an Illinois inheritance tax. Owens filed a petition to have the executor pay the inheritance tax assessed on the inter vivos trust. The executor filed an answer alleging that the assets of the estate were insufficient to pay in full the specific bequests of the will and that the residuary legatees would receive nothing. He also alleged that if required to pay the tax on the inter vivos trust, the specific legatees would suffer a further reduction.
The first district nonetheless held that a testator may shift the payment of taxes and that his intention to do so, if indicated by appropriate language in his will, is controlling. (Wheeler, 65 Ill. App.2d at 205, 213 N.E.2d at 37.) Therefore, even though there was a failure of the residuary, the direction as to the waiver of recovery from nonprobate assets was clear and the nonprobate assets were not attachable for the payment of the tax. Wheeler, 65 Ill. App.2d at 208, 213 N.E.2d at 38.
 3, 4 In the instant case, the decedent's will clearly states, as the petitioners concede, that the taxes are to be paid from the residuary estate, without reimbursement from any person. We note that the primary objective in construing a will is to ascertain and give effect to *340 the intentions of the testatrix. (In re Estate of Fenton (1982), 109 Ill. App.3d 57, 440 N.E.2d 222.) The intent of Clara Fry as expressed in her will is clear. She intended that the taxes be paid from the residuary estate and not from the nonprobate asset received by the respondent. Therefore, as in Wheeler, the doctrine of equitable apportionment cannot be applied here and thus the respondent cannot be required to share in the taxes and expenses of the estate. We note that although the residuary estate will be exhausted, there are ample assets, totalling $415,969.10, in the probate estate to pay the Federal estate taxes and the expenses of administration.
The decision of the circuit court of Will County is affirmed.
Affirmed.
HEIPLE and STOUDER, JJ., concur.