T.C. Memo. 2004-19


UNITED STATES TAX COURT


ESTATE OF ROBERT H. LURIE, DECEASED,
ANN LURIE, EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22639-94.                    Filed January 28, 2004.


<u>Carleen L. Schreder</u>, <u>Robert M. Levin</u>, <u>Steven S. Brown</u>, <u>Royal B. Martin, Jr.</u>, <u>Patricia E. Kaplan</u>, <u>William G. Sullivan</u>, <u>Daniel T. Hartnett</u>, <u>Samuel B. Sterrett</u>, and <u>Sheli Z. Rosenberg</u>, for petitioner.

<u>John J. Comeau</u>, <u>James S. Stanis</u>, <u>James M. Cascino</u>, and <u>Patricia Pierce Davis</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a $47,459,641 deficiency in the Federal estate tax of the Estate of Robert H.

Lurie (the estate). Respondent filed an amended answer asserting that the deficiency in Federal estate tax is $83,677,846.

Robert H. Lurie (decedent) created the Robert Lurie Revocable Trust (revocable trust), which, upon decedent's death, distributed property to a marital trust. The estate claimed a marital deduction. The trust instrument states that, if, as is the case here, the assets in the residue of the probate estate are insufficient to pay Federal estate tax and legal costs, the revocable trust is to pay the Federal estate tax and legal costs from property that would otherwise pass to decedent's surviving spouse. Decedent executed his will 3 days later. The will is silent as to the source of payment of Federal estate tax and legal costs if the assets in the residue of the probate estate are insufficient to pay the estate tax and costs.

After concessions, the issues for decision are:

1. Whether the revocable trust instrument establishes that decedent intended for Federal estate tax and legal costs to be paid out of property in the revocable trust that would otherwise pass to decedent's surviving spouse. We hold that it does.

2. Whether, under Illinois law, we may consider decedent's intent expressed in his revocable trust instrument regarding whether Federal estate tax and legal costs are payable out of property in the revocable trust that would otherwise pass to decedent's surviving spouse. We hold that we may.

3. Whether the marital deduction is reduced under section 2056(b)(4) by the amount of Federal estate tax paid by the revocable trust with property that would otherwise pass to decedent's surviving spouse. We hold that it is.

Section references are to the Internal Revenue Code in effect as of the date of decedent's death. Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

A. Decedent and His Family

Decedent died on June 20, 1990. He was domiciled in Illinois on that date. Decedent was survived by his wife (Ann Lurie) and six minor children. Ann Lurie, the executor of decedent's estate, lived in Winnetka, Illinois, when the petition was filed.

B. Trusts Created Before Decedent Executed the Will

1. Notice Trusts

a. LF Trusts

Decedent's mother created 10 Robert Lurie Family Trusts (LF Trusts) in May 1969. On February 3 and 5, 1990, decedent exercised his limited powers of appointment over the LF Trusts to create 6 trusts, 1 for the benefit of each of his six children, to succeed and receive the assets of the 10 LF trusts. Decedent's six children were the sole beneficiaries of the six successor trusts. The LF trusts contain no provision for the payment of Federal estate tax from trust assets.

b.    RD Trusts

Ten RD Trusts were created in September 1974.  The record does not indicate who created the RD trusts.  On September 30, 1983, decedent exercised his powers of appointment over the RD Trusts and created 10 trusts to succeed and receive the assets of the RD Trusts.  The RD trusts contain no provision for the payment of Federal estate tax from trust assets.

We refer to the LF Trusts, the RD Trusts, and their successors as the "notice trusts" because respondent determined in the notice of deficiency, and the parties agree, that the value of those trusts is includable in decedent's gross estate.

2.    Revocable Trust

Decedent created a revocable trust on December 19, 1989, under which he was the grantor and the trustee.  Decedent retained until his death the right to revoke, modify, alter, or amend the trust instrument and to withdraw income and principal from the revocable trust.

Articles 3.2 and 4.1 of the trust instrument provide as follows:

> 3.2 Amount of Allocation to Marital Trust.  The allocation herein to the Marital Trust shall have a value equal to the smallest pecuniary amount which, if allowed as a federal estate tax marital deduction, would result in the least federal estate tax being payable by reason of the Grantor's death, taking into account the maximum available unified credit and the credit for state death taxes, but only to the extent that those state death taxes are not thereby increased * * *.

\*      \*      \*      \*      \*      \*      \*

4.1  <u>Debts and Taxes</u>.  Upon the death of the Grantor, the Trustee shall, to the extent that the assets of the Grantor's estate \* \* \* are insufficient, pay \* \* \* reasonable expenses of administration of his estate, \* \* \* all income, estate, inheritance, transfer and succession taxes, including any interest and penalties thereon, which may be assessed by reason of the Grantor's death, without reimbursement from the Grantor's Executor or Administrator, from any beneficiary of insurance upon the Grantor's life, or from any other person; provided, however, that even if the assets of the Grantor's estate shall not be insufficient, if the Trustee shall be holding as part of the trust estate Treasury Bonds which are redeemable at par in payment of federal estate taxes, then such Bonds shall be used to pay any federal estate tax due before any other asset is used.  All such payments shall be charged first against the principal of the trust estate other than a Marital Trust.

C.   <u>Decedent's Will</u>

Decedent executed his will on December 22, 1989.  In it, he provided for all of his personal effects to be distributed to his wife and the remainder of his estate (referred to in decedent's will as the "residuary estate") to be distributed to the revocable trust.  In his will, decedent directed payment of his debts, funeral expenses, costs of administration, legal expenses, and taxes assessed by reason of his death from his residuary estate, except to the extent that certain U.S. Treasury bonds redeemable at par value (Flower Bonds) were held by the revocable trust.

When decedent died, the revocable trust held assets worth $88,659,780. The trustees distributed those assets to the marital trust.

The Circuit Court of Cook County, Probate Division, admitted decedent's will to probate on July 10, 1990. The value of the probate estate was $760,253 on decedent's date of death. The personal effects which decedent bequeathed to Ann Lurie were worth $12,470 when he died. The value of the residue of the probate estate was $747,783 on decedent's date of death. The funeral expenses and miscellaneous administration expenses were paid from the residue of the probate estate. The probate estate distributed the residue to the revocable trust. During his lifetime, decedent made taxable gifts which fully absorbed the unified credit. As a result, the nonmarital residuary trust was not formed, and the revocable trust distributed all of its assets to the marital trust.

The estate reported on its Federal estate tax return a gross estate of $91,712,318, deductions totaling $91,712,318 (marital deduction of $91,682,908 and other deductions of $29,410), and a taxable estate of zero. Decedent's estate did not include the value of the notice trusts in the gross estate on its Federal estate tax return.

Respondent determined that the value of the notice trusts is included in decedent's gross estate. Respondent also determined

that the marital deduction is reduced by the amount of Federal estate tax ($47,459,641) payable out of property passing to the surviving spouse from the revocable trust, leaving, according to respondent, a marital deduction of $44,223,267. The parties agree that the value of the notice trusts is $40,471,059, and that the value of the notice trusts is included in the gross estate.

## OPINION

### A. Whether Federal Estate Tax Is Payable From Property That Would Otherwise Pass to the Surviving Spouse

#### 1. Background

A tax is imposed on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States. Sec. 2001(a). In computing the amount of the taxable estate, an estate may deduct the value of property which passes from a decedent to the decedent's spouse (marital deduction), but only to the extent that that property is included in determining the value of the gross estate. Sec. 2056(a). The marital deduction is reduced by the amount of Federal estate tax payable from the property passing to the surviving spouse. Sec. 2056(b)(4).

State law governs how a taxpayer's estate tax burden is allocated among its assets. Riggs v. del Drago, 317 U.S. 95, 101-102 (1942); Estate of Sawyer v. Commissioner, 73 T.C. 1, 3 (1979). Illinois law applies in this case. Under Illinois law, equitable apportionment applies if the decedent provided no

direction, such as in a will, about payment of Federal estate tax and costs. In re Estate of Gowling, 411 N.E.2d 266, 269 (Ill. 1980); Roe v. Estate of Farrell, 372 N.E.2d 662, 665 (Ill. 1978). If equitable apportionment applies, the estate tax is apportioned among the recipients of probate property and nonprobate property (i.e., property that passes outside the will). The estate tax liability is borne only by property includable in the taxable estate. See In re Estate of Gowling, supra; Roe v. Estate of Farrell, supra.

Decedent's will directs that Federal estate tax be paid from the residue of the probate estate. Decedent's will is silent on the source of payment of Federal estate tax under the circumstances here; i.e., there are not enough assets in the probate residue to pay that tax.

2.   Petitioner's Contentions

Petitioner contends that, under Illinois law, if a decedent dies testate, Illinois courts consider only the decedent's will to decide his or her intent regarding which property is to be used to pay estate taxes. Petitioner contends that equitable apportionment applies here because decedent's will does not specify the source of payment of estate taxes. Thus, petitioner contends that the notice trusts must pay the portion of the Federal estate tax equal to the ratio that their value bears to the total value of the gross estate, and that the marital trust

is not reduced by the Federal estate tax paid by the notice trusts. Petitioner also contends that the trust instrument does not provide that that tax is payable out of property in the marital trust.

3. <u>Whether the Provision in Decedent's Trust Instrument That Federal Estate Tax Is Payable From Property in the Revocable Trust That Would Otherwise Pass to Decedent's Surviving Spouse Is Given Effect</u>

Article 3.2 of decedent's trust instrument provides that the amount allocated to the marital trust shall be the smallest amount which, if allowed as a marital deduction, would result in the least Federal estate tax being paid. Article 4.1[1] provides that, to the extent that there are not enough assets in decedent's probate estate to pay the Federal estate tax due to decedent's death, that tax is to be paid from the revocable trust.

Petitioner contends that reading the trust instrument as a whole shows that decedent intended to maximize the marital deduction and not reduce it by the amount of the Federal estate tax. Petitioner contends that Article 3.2 conflicts with Article 4.1, which directs payment of estate taxes from the revocable trust with property that would otherwise pass to decedent's surviving spouse. Petitioner contends that Article 4.1 must be construed to permit decedent's estate to claim the maximum

---

[1] Unless otherwise specified, references to Art. 4.1 are to Art. 4.1 of decedent's trust instrument.

marital deduction and thereby decrease estate taxes. To achieve this result, petitioner contends that Article 4.1 applies only if decedent's wife predeceased him because, under those circumstances, there would be no marital deduction. Inherent in petitioner's position is the contention that the notice trusts bear the burden of the Federal estate tax.

We disagree. First, Article 4.1 does not say that it applies only if decedent's wife did not survive him. We must give effect to Article 4.1 as written, and we do not read into it a requirement that decedent's wife predecease him. Second, petitioner's position that the notice trusts must pay the Federal estate tax because decedent intended to minimize Federal estate tax by maximizing the marital deduction overlooks the fact that Article 4.1 of the trust instrument provides that the estate tax is payable from the revocable trust. Under petitioner's interpretation, Article 4.1 is given no effect. This is contrary to Illinois law, which requires that we give effect to all provisions of decedent's trust instrument. Harris Trust & Sav. Bank v. Donovan, 582 N.E.2d 120, 123 (Ill. 1991); In re Halas, 470 N.E.2d 960, 964 (Ill. 1984). We must assume that decedent intended both Articles 3.2 and 4.1 to be given effect.

Third, decedent intended that Federal estate tax be paid either from the residuary probate estate or the revocable trust, but not from the notice trusts. This is shown by the fact that (a) decedent specified in Article 4.1 of the will and Article 4.1 of the trust instrument only two sources for payment of Federal estate tax: the assets of the residuary probate estate and the assets of the revocable trust; and (b) the notice trust instruments do not provide for the payment of Federal estate tax from trust assets. Article 4.1 of the trust instrument provides that, where the assets in the residue of the probate estate are insufficient to pay Federal estate tax, that tax is to be paid from the revocable trust without reimbursement from decedent's executor, any beneficiary of insurance upon decedent's life, or any other person. This shows that decedent intended that the notice trusts not be burdened with payment of the Federal estate tax because the phrase "without reimbursement * * * from any other person" applies to the notice trusts.[2]

Decedent may not have anticipated that the notice trusts (which the parties have agreed have a value of $40,471,059) would be included in his gross estate. He may have expected that the residue of his probate estate would be enough to pay the Federal estate tax and legal costs, and that there would be no need to

_____

[2] The term "person" in the trust instrument includes individuals and trusts. Art. 12.10 of the trust instrument; Art. 5.9 of the will.

use property in the revocable trust to pay these expenses. If decedent had anticipated the inclusion of the notice trusts in the estate, he might or might not have included Article 4.1. But the issue is not whether decedent might have done things differently if he had known what we now know. We must apply the terms in the trust instrument as written and not speculate as to what decedent might have done under different circumstances. See Larison v. Record, 512 N.E.2d 1251, 1253 (Ill. 1987); In re Estate of Cancik, 476 N.E.2d 738, 741 (Ill. 1985); Hampton v. Dill, 188 N.E. 419, 421 (Ill. 1933). Decedent was extremely intelligent, effective in his business activities, and financially successful. The very best financial and estate planning resources were available to him. This is surely an appropriate case in which to apply the terms of the trust instrument as written and to refrain from providing a belated, court-made, opportunity to make choices differently.

We conclude that decedent's trust instrument provides that, if the residue of his probate estate is insufficient to pay Federal estate tax, Federal estate tax is payable from property in the revocable trust that would otherwise pass to decedent's surviving spouse.

    4.    <u>Whether Decedent's Intent Regarding the Source of Payment of the Federal Estate Tax, as Stated in the Trust Instrument, May Be Considered</u>

Petitioner contends that, under Illinois law, if a decedent dies testate, courts will consider the decedent's intent regarding the source of payment of estate tax if it is stated in his or her will but not if it is stated in the decedent's trust instrument. Petitioner relies on the following cases: In re Estate of Gowling, 411 N.E.2d at 269; Landmark Trust Co. v. Aitken, 587 N.E.2d 1076, 1083 (Ill. App. Ct. 1992); In re Estate of Fry, 544 N.E.2d 109 (Ill. App. Ct. 1989); In re Estate of Rosta, 444 N.E.2d 704, 712 (Ill. App. Ct. 1982); In re Estate of Lyons, 425 N.E.2d 19, 21 (Ill. App. Ct. 1981); Estate of Fender v. Fender, 422 N.E.2d 107 (Ill. App. Ct. 1981);[3] In re Estate of Maddux, 417 N.E.2d 266, 268 (Ill. App. Ct. 1981); In re Estate of Gowling, 396 N.E.2d 82, 85 (Ill. App. Ct. 1979), affd. 411 N.E.2d 266 (Ill. 1980); Estate of Callner v. Am. Natl. Bank & Trust Co., 320 N.E.2d 384 (Ill. App. Ct. 1974); and In re Estate of Wheeler, 213 N.E.2d 35 (Ill. App. Ct. 1965). None of these cases support petitioner's position that Illinois courts do not enforce the intent of a decedent stated in his or her trust instrument regarding the source of payment of estate tax where the will is silent on that subject.

---

[3] In Estate of Fender v. Fender, 422 N.E.2d 107, 110 (Ill. App. Ct. 1981), the Illinois Appellate Court said: "It is evident that apportionment is now the rule in Illinois, absent a clearly manifested contrary intent in the will."

Petitioner contends that no Illinois case has considered an instrument other than a will to ascertain the decedent's intent regarding the source of payment of Federal estate tax. We disagree; Illinois courts have considered a decedent's trust instrument executed close in time to the decedent's will to decide his or her intent regarding the source of payment of Federal estate tax. See, e.g., Harris Trust & Sav. Bank v. Donovan, supra at 124; Frederick v. Lewis, 517 N.E.2d 742, 744 (Ill. App. Ct. 1987); Harris Trust & Sav. Bank v. Taylor, 364 N.E.2d 349, 354 (Ill. App. Ct. 1977).

In Frederick v. Lewis, supra, the Illinois Appellate Court considered whether a trust instrument provided specific instructions for paying estate tax. Petitioner contends that Frederick does not support the proposition that a revocable trust instrument is considered in deciding what a decedent intended regarding the source of payment of estate tax. We disagree with petitioner's contentions about Frederick. The court's sole reason for examining the trust instrument in Frederick was to decide the decedent's intention regarding the source of payment of tax. Frederick is contrary to petitioner's claim that Illinois courts do not consider instruments other than a decedent's will to discern the decedent's intent regarding the source of payment of estate tax.

Similarly, in Harris Trust & Sav. Bank v. Donovan, supra, the Illinois Supreme Court considered the terms of a decedent's trust and will (executed 3 days after the trust) in deciding the decedent's intent in disposing of his property. The Illinois Supreme Court found that the decedent intended that his will and trust be read together to effect his intent in disposing of his property. In the instant case, decedent made clear that he intended that his trust and will be read together because each refers to the other. Decedent executed his will 3 days after he executed the trust instrument, and the will refers to the revocable trust or its trustee in Articles 2.1, 2.3, 3.2, 4.1, and 4.12, while the trust instrument refers to the will in Articles 3.1, 3.2, and 4.1.

Harris Trust & Sav. Bank v. Taylor, supra, is also contrary to petitioner's claim that Illinois courts do not consider instruments other than a decedent's will to discern the decedent's intent regarding the source of payment of estate tax. In that case, the Illinois Appellate Court found that the settlor's inter vivos trusts clearly evidenced his intent that Federal estate and Illinois inheritance taxes be paid from the assets of those trusts and enforced tax apportionment provisions in the trust instrument.[4]

---

[4] See Estate of Reid v. Commissioner, 90 T.C. 304, 309 (1988) (citing In re Estate of Rosta, 444 N.E.2d 704, 712 (Ill. (continued...)

We conclude that, under Illinois law, we may consider the trust instrument in discerning a decedent's intent regarding the source of funds to pay Federal estate tax.  In the instant case, decedent executed his will 3 days after he created the revocable trust.  Decedent's trust instrument and will referred to each other and were part of his estate plan.  We believe that decedent intended that we read his will and trust together to give effect to his intent regarding the source of payment of Federal estate tax.  Accordingly, we give effect to decedent's intent.

5.    Whether Equitable Apportionment Applies Where Decedent's Intent Is Clearly Stated in Decedent's Trust Instrument

Petitioner contends that equitable apportionment applies in this case because decedent's will does not specify otherwise, and, as a result, the notice trusts must pay the estate tax and the marital trust is not reduced.

---

[4](...continued)
App. Ct. 1982) (wills), and Harris Trust & Sav. Bank v. Taylor, 364 N.E.2d 349, 354 (Ill. App. Ct. 1977) (trust instruments), for the proposition that the decedent's intent as manifested in the language of his or her will or trust instrument controls under Illinois law where the interpretation of the tax apportionment provision in a will or trust instrument is in dispute).

a.  Equitable Apportionment Under Illinois Law

Illinois has no statute specifying who bears the burden of Federal estate taxes.  Thus, application of equitable apportionment of estate tax is governed by caselaw.  Estate of Maierhofer v. Maierhofer, 767 N.E.2d 850, 852 (Ill. App. Ct. 2002); Landmark Trust Co. v. Aitken, supra at 1082; In re Estate of Fry, supra at 111.  Under Illinois law, if equitable apportionment applies, estate tax liability is borne only by property included in the taxable estate.  See In re Estate of Gowling, 411 N.E.2d at 269; Roe v. Estate of Farrell, 372 N.E.2d at 665.  If equitable apportionment applies in this case, the marital deduction would not be reduced because the Federal estate tax would be payable from the notice trusts; i.e., property that would not otherwise pass to the surviving spouse.

b.  Equitable Apportionment Does Not Apply Because Decedent's Trust Instrument Clearly Provided That Federal Estate Tax Is Payable From the Marital Trust

Under Illinois law, equitable apportionment applies if the decedent provided no direction about payment of Federal estate tax.  In re Estate of Gowling, 411 N.E.2d at 269; Roe v. Estate of Farrell, supra at 665.  Decedent's trust instrument clearly provides that if there are not enough assets in the residue of the probate estate to pay the Federal estate tax, that tax is payable from the revocable trust; i.e., out of assets that would

otherwise pass to decedent's surviving spouse.  Under Illinois law, equitable apportionment does not apply where the decedent expressed a clear intention to the contrary.  Equitable apportionment of Federal estate tax is not recognized under Illinois law when, as in the instant case, a decedent's trust instrument directs that the trust will be responsible for payment of "all income, estate, inheritance, transfer and succession taxes," and that his trustee shall not be entitled to reimbursement from the decedent's executor or administrator, from any beneficiary of insurance upon decedent's life, or from any other person.  See Landmark Trust Co. v. Aitken, 587 N.E.2d at 1083, and In re Estate of Fry, 544 N.E.2d at 110-111, in which Illinois courts construed language similar to the language in Article 4.1 of decedent's trust instrument as evidencing the testators' clear intentions that equitable apportionment not apply.

   c. <u>Whether Equitable Apportionment Applies Here on the Basis of Technical Advice Memorandum 8240014</u>

In Technical Advice Memorandum 8240014 (June 29, 1982) (TAM 8240014), the Commissioner considered application of equitable apportionment to property passing to the spouse (and eligible for the Federal estate tax marital deduction) under Illinois law.  Petitioner contends that equitable apportionment applies in this case on the basis of TAM 8240014.  We disagree.

First, technical advice memoranda "may not be used or cited as precedent" unless regulations so provide.  Sec. 6110(k)(3). Regulations do not so provide here.[5]  Second, TAM 8240014 does not discuss the situation present here; i.e., decedent's intent relating to payment of estate tax was stated in a trust, not a will.  As discussed above, Illinois courts recognize those expressions of a decedent's intent.

    6.   <u>Conclusion About the Source of Payment of Federal Estate Tax</u>

We conclude that, as provided in decedent's trust instrument, Federal estate tax on his estate is payable out of property in the revocable trust that would otherwise pass to decedent's surviving spouse.

B.   <u>Whether Legal Costs Are Payable From Property in the Revocable Trust</u>

Petitioner contends that equitable apportionment applies to payment of legal costs and that, as a result, those costs are payable by the notice trusts and not out of property in the revocable trust because the notice trusts caused those costs to be incurred.  Petitioner points out that the estate incurred the legal costs to contest respondent's determination of additional estate tax generated solely by inclusion of the notice trusts in

---

[5] In light of our conclusion that Technical Advice Memorandum 8240014 (June 29, 1982) (TAM 8240014) does not control here, we need not decide petitioner's contention, based on TAM 8240014, that a preresiduary marital bequest is exempt from estate tax.

decedent's gross estate.  Petitioner relies on <u>Roe v. Estate of Farrell</u>, 372 N.E.2d 662 (Ill. 1978); <u>Estate of Fender v. Fender</u>, 422 N.E.2d 107 (Ill. App. Ct. 1981); and <u>In re Estate of Breault</u>, 211 N.E.2d 424, 436-438 (Ill. App. Ct. 1965), for the proposition that equitable apportionment principles apply to attorney's fees incurred by an estate.

We disagree that equitable apportionment applies to payment of legal costs for the same reason that it does not apply to payment of Federal estate tax.  Article 4.1 of the trust instrument requires that legal costs be paid by the revocable trust.  In <u>Roe v. Estate of Farrell</u>, <u>supra</u>; <u>Estate  Fender v. Fender</u>, <u>supra</u>; and <u>In re Estate of Breault</u>, <u>supra</u>, the courts apportioned legal costs to the property which generated those costs because the decedents in those cases had not specified the source of payment of those costs.  Here, decedent directed in Article 4.1 of his will and Article 4.1 of the trust instrument that administration costs incurred because of his death are payable first from the principal of his residuary probate estate and then from the revocable trust assets.  Legal costs are administration costs under Illinois law.  See <u>In re Rolley</u>, 520 N.E.2d 302, 303 (Ill. 1998) (Illinois Supreme Court described legal fees as costs of administration of an estate); <u>In re Desisles' Estate</u>, 208 N.E.2d 122, 123 (Ill. App. Ct. 1965) (costs of administration include more than legal costs).  We do not

apply equitable apportionment to the payment of the estate's legal costs.

We conclude that decedent's trust instrument requires that legal costs be paid out of property in the revocable trust.

To reflect concessions and the foregoing,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.