LANIER, Judge.
This litigation commenced as an opposition filed by a noncharitable residuary legatee to an annual accounting filed by the executors of a testate succession. Ultimately, the disputes between the various parties crystallized into two issues: (1) what was the proper method to apportion the Louisiana inheritance and United States estate taxes attributable to the nonexempt particular legatees; and (2) whether the succession was entitled to recover interest from the noncharitable residuary legatee on Louisiana and United States tax payments made by the succession executors on its behalf. After a hearing, the trial court ruled the residuum share of the noncharita-ble residuary legatee should be debited for the Louisiana inheritance and United States estate taxes paid on its behalf and for thé entirety of the United States estate taxes due by the nonexempt particular legatees, but that the noncharitable residuary legatee was not responsible for payment of interest on those sums. The executors of the succession took a suspensive appeal. The five charitable residuary legatees took a devolutive appeal. The noncharitable residuary legatee answered the appeals.
FACTS
Alice Appleget Farr died on August 19, 1980. She left a will dated July 14, 1976. In the will, she made 55 particular bequests and provided that these legacies were to be *879 “free of all Federal Estate and Louisiana Inheritance taxes”. She left the residuum of her property in equal shares to six residuary legatees, namely (1) Burden Memorial Hospital, Inc. (Burden), (2) Woman’s Hospital Foundation (Woman’s), (3) Baton Rouge General Hospital, now General Health, Inc. (BR General), (4) Our Lady of the Lake Hospital, Inc. (Our Lady), (5) the Recreation and Park Commission of the Parish of East Baton Rouge, Louisiana (Park), and (6) Doctor’s Memorial Hospital, Inc., now Hospital Affiliates, International (Hospital Affiliates). Burden, Woman’s, BR General, Our Lady and Park are charitable and/or public and, thus, exempt from United States estate taxes and Louisiana inheritance taxes. Hospital Affiliates is a business corporation and is not exempt.
The gross value of the estate was $3,640,293.37. The estate had $189,348.01 in debts and expenses and, thus, had a net value of $3,450,945.36. The value of the particular noncharitable legacies was $318,-484.81 and that of the particular charitable legacies was $270,000. The residuum of the estate was worth $2,862,460.55 and, thus, the value of each ⅛ share of the residuum was $477,076.75.
The Louisiana inheritance tax on the particular noncharitable legacies was determined to be $23,694.53, and such tax on the noncharitable residuary legacy (Hospital Affiliates) was determined to be $49,491.01. Initially, the United States estate tax was calculated at $240,493.05.
Subsequently, the executors of the estate filed amended Louisiana and United States tax returns contending overpayments of taxes were made and that refunds were due. The executors claimed error in the original computations because the full amount of the residuary charitable legacies were not deducted from the net estate before the computation of the federal estate tax was made. The executors contended the testament did not direct the United States estate tax be paid out of the residuary charitable legacies, such legacies were exempt from taxation and no portion of the United States estate tax could be apportioned to them for the particular nonchari-table legacies. The United States and Louisiana tax authorities granted these claims. The United States estate tax was reduced to $170,700.25, the Louisiana inheritance tax for Hospital Affiliates was reduced to $47,407.68 and refunds were given to the succession.
The executors then filed a petition for possession in which the following allegations were made:
16.
The assets of this succession are as set forth in the inventory heretofore filed in these proceedings, subject to the said annual accounts through August 31, 1984, and each of the six residuary legatees should be sent into possession of an undivided one-sixth thereof subject to said Hospital Affiliates, International, first paying the co-executors the said amounts of the Louisiana inheritance taxes due by it and the federal estate taxes so apportioned to it, together with interest on each from the date paid by the co-executors at the same average fiscal year annual rate of interest received by the co-executors on their investments of the Succession’s cash each fiscal year as set forth in their annual accounts filed in these proceedings.
17.
Under the provisions of said inheritance and estate tax statutes, said Hospital Affiliates, International is indebted unto the co-executors in the amount of said taxes paid by the co-executors for the account of and charged to said Hospital Affiliates, International, viz:
(a) For the Louisiana inheritance taxes paid by the co-executors on November 19, 1981, in behalf of Hospital Affiliates, International in the amount of $47,407.68, together with interest thereon from November 19, 1981, until paid, at the same average fiscal year annual rate of interest received by the co-executors on their investments of the Succession’s cash each fiscal year *880 as set forth in their annual accounts filed in these proceedings;
(b) For the federal estate taxes paid by the co-executors on May 19, 1981, and so apportioned to and due by Hospital Affiliates, International in the amount of $170,700.25, together with interest thereon from May 19, 1981, until paid, at the same average fiscal year annual rate of interest received by the co-executors on their investments of the Succession’s cash each fiscal year as set forth in their annual accounts filed in these proceedings.
After a hearing, the trial court disposed of these contentions with the following reasons for judgment:
The federal estate tax is a tax on the transfer of the estate, but the federal estate tax statute does not provide for the apportionment of the tax among the legatees. It does provide for an exemption to the amount of charitable and public bequests. (26 U.S.C. 2055). In the event that any part of such tax is paid out of the public or charitable legacies, then to such extent the amount deductible as a charitable legacy shall be the amount of the legacy reduced by the amount of the taxes paid therefrom. In view of the above, the State of Louisiana enacted an apportionment statute. (R.S. 9:2431, et seq). This act provides for the apportionment of the federal estate taxes, and recognizes, first, any apportionment made by the testator in her will. That Louisiana Estate Tax Apportionment statute provides:
C. If the deceased has provided in his testament for the apportionment of the tax of some, but not all of the persons interested in the estate, the amount of the tax which has not been apportioned shall be apportioned by the court among those as to whom no provision has been made, in the same manner as is provided in Sub-section A of this Section.
Thus, as Mrs. Farr willed that the particular legacies to the non-charitable legatees were “free of all federal estate taxes”, the Louisiana Estate tax apportionment statute recognizes the testator’s wishes and provides that no portion of the federal estate tax shall be apportioned to the particular non-charitable legatees.
Next, the Louisiana Estate Tax Apportionment statute provides that, inasmuch as the federal estate tax exempted legacies to charitable and public institutions, that no portion of the federal estate taxes shall be apportioned to a charitable or public institution. R.S. 9:2435(A) provides:
A. In making an apportionment, allowances shall be made for any exemptions granted, by the law imposing the tax.
The federal estate tax statute granted exemptions to charitable and public legatees. Thus, in accordance with the Louisiana Estate Tax Apportionment Act no portion of the federal estate tax could be apportioned to charitable and public institutions.
Accordingly, under the will, no portion of the estate tax could be apportioned to the particular noncharitable legatees. Further, under R.S. 9:2435A, no portion of the estate tax could be apportioned to the charitable and public institutions. Since the only remaining legatee is Hospital Affiliates, under the Louisiana Estate Tax Apportionment Act, the entire federal estate tax is correctly apportioned to it. It should not be equally divided among all six residuary legatees.
The executor is also asking for interest on the sums paid on behalf of Hospital Affiliates in payment of state inheritance taxes and federal estate taxes from dates of payment. The Court is of the opinion that this should be denied. If interest is due, it should only be due from the date the obligation became an obligation of Hospital Affiliates. The executor is responsible for payment of these taxes. After Hospital Affiliates has been placed in possession, then the obligation arises. Now, it owes no interest.
This devolutive appeal followed.
*881 APPORTIONMENT OF UNITED STATES ESTATE TAXES
Hospital Affiliates contends that La.R.S. 9:2432(A) and (C) are controlling and that the United States estate tax should be apportioned equally between all residuary legatees (charitable and noncharitable). It contends that La.R.S. 9:2435(A), the linchpin of the trial court opinion, must be read in pari materia with La.R.S. 9:2432(A) and (C) and, thus, is applicable to the amount to be apportioned and does not create a class of legatees exempt from the apportionment. The position of the residuary charitable legatees on appeal is essentially that of the trial court’s reasons for judgment.
The general law applicable to this problem is set forth in Bulliard v. Bulliard, 363 So.2d 1343, 1346-1347 (La.App. 3rd Cir.1978), writ denied, 365 So.2d 244 (La.1978), as follows:
The Federal estate tax is a charge upon the transfer of the entire estate of the deceased. It is assessed against the total net value of the estate. The Federal law makes no provision applicable here as to the apportionment of the tax (26 U.S.C.A. 2205 and 2206), and thus state law can determine where the burden of this tax shall fall.
Prior to the enactment of the Louisiana Estate Tax Apportionment Law (LSA-R.S. 9:2431, et seq.), Federal estate taxes were paid by a reduction in the residuary estate. Succession of Henderson, 211 La. 707, 30 So.2d 809 (1947). LSA-R.S. 9:2432 overrules this aspect of the Henderson case and provides the general rule that Federal estate taxes are shared by all the donees in the proportion that the value of their donation bears to the value of the net estate. However, this rule operates only to the extent that the testator has not made a contrary direction. LSA-R.S. 9:2432(A) and (C) provide:
“A. If the deceased has made no provision in his testament for the apportionment of the tax among the persons interested in the estate, the tax shall be apportioned among them by the court in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax shall be used for this purpose.
* * * 4c * *
“C. If the deceased has provided in his testament for the apportionment of the tax of some, but not of all the persons interested in the estate, the amount of the tax which has not been apportioned shall be apportioned by the court among those as to whom no provision has been made, in the same manner as is provided in Sub-section A of this Section. Added Acts 1960, No. 362, Sec. 1.” (Emphasis added)
The word “tax” in the above statute includes Federal estate tax, LSA-R.S. 9:2431(7).
The freedom of the testator to direct against the apportionment of Federal estate taxes and to provide for the distribution of those taxes among the heirs and legatees as he sees fit was recognized by this Court in Succession of Jarrean, 184 So.2d 762 (La.App. 3rd Cir.1966). In that case the Court upheld the testator’s direction that the burden of Federal estate and State inheritance taxes would be borne by the residuary legatee and that the special legatees take their donations unreduced by taxes. The court stated:
“A testator may circumvent the rule of apportionment as provided by LSA-R.S. 9:2432, et seq. by a clear and unequivocal order directing the apportionment of federal and state inheritance taxes to be paid in the particular manner that he so desires.”
[Footnote deleted.]
In the instant case, Mrs. Farr provided that the particular legacies were tax free and, thus, were not subject to apportionment. However, the testament does not provide how the taxes attributable to the particular legacies are to be apportioned among the residuary legatees. (For exam- *882 pie, the will does not say that the taxes due by the noncharitable particular legatees are to be paid by the estate or by a designated residuary legatee.) In this factual posture, La.R.S. 9:2432 provides that the tax is shared by the residuary donees in the proportion that the value of their donation bears to the value of the net estate, which, in the instant case, is ⅛ each. (Hospital Affiliates does not contest that it owes the portion of the United States estate tax attributable to its $477,076.75 legacy; only the apportionment of the United States estate tax attributable to the $318,484.81 in particular noncharitable legacies is at issue.)
Burden, Woman’s, BR General, Our Lady and Park are exempt from paying taxes on the ⅝ share of the residuum each received. However, this tax exempt status does not relieve such a legatee of a charge against the legacy imposed by the testatrix or by law. Bulliard, 363 So.2d at 1349. Mrs. Farr’s will only had two classes of legatees: particular and residuary. The obvious implication of relieving the particular legatees from the taxes is that the testatrix intended for the taxes to be paid by another source. Since the testatrix did not designate the estate or a residuary legatee to pay the taxes, the Louisiana Estate Tax Apportionment Law. applies. Pursuant to La.R.S. 9:2432, each residuary legatee is responsible for a ⅛ share of the United States estate tax attributable to the noncharitable particular legacies, unless exempted from such by law.
La.R.S. 9:2435(A) provides as follows:
In making an apportionment, allowances shall be made for any exemptions granted, any classification made of persons interested in the estate and for any deductions and credits allowed by the law imposing the tax.
The charitable residuary legatees argue and the trial court held that this law exempts the charitable residuary legatees from the allocation of the United States estate tax and, thus, Hospital Affiliates must bear the entire burden of the apportionment. Query: Suppose Hospital Affiliates was also exempt as a charitable legatee or its residuum share was not sufficient to pay the tax — who would pay the tax? We perceive a distinction between a personal exemption from payment of taxes and a personal exemption from tax apportionment. The above statute does not grant either. Rather, we construe it to mean that in determining the amount to be apportioned, the listed factors must be considered. In this context, the phrase “any exemptions granted” does not grant a personal exemption from tax apportionment.
This assignment of error has merit.
RECOVERY OF IMPROPERLY PAID ESTATE INCOME
The five charitable residuary legatees and the estate’s executors contend the trial court “erred in holding that Doctor’s Memorial Hospital [Hospital Affiliates] was entitled to keep the portion of the income incorrectly paid to it”. In brief, these parties assert the succession had substantial income from 1981 to 1984, that ⅛ of this income, or $139,506.75, was paid to Hospital Affiliates, that Hospital Affiliates was not entitled to receive $57,533 of this income and that the succession should be allowed to deduct this amount from Hospital Affiliates’ share of the residuum.
This issue was not ruled upon in the trial court. The trial court only ruled on the issues of apportionment of taxes and interest on sums paid by the estate which represented taxes owed by Hospital Affiliates. Issues not raised and/or ruled upon in the trial court will not be considered in this court. Rule 1-3, Uniform Rules—Courts of Appeal; Dent v. Department of Corrections, Hunt Correctional Center, 460 So.2d 57 (La.App. 1st Cir.1984).
DECREE
For the foregoing reasons, the judgment of the trial court is reversed and judgment is rendered in favor of Hospital Affiliates ordering the succession executors to apportion the United States estate tax due on the noncharitable particular legacies equally among the six residuary legatees. The *883 succession is cast for the cost of this appeal.
REVERSED AND RENDERED.