ESTATE OF GEORGE BENTON PHILLIPS, DECEASED,
LOUISIANA NATIONAL BANK OF BATON ROUGE,
EXECUTOR, PETITIONER *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 38755-86.          Filed April 21, 1988.

*Mark S. Riley,* for the petitioner.
*Kathleen O. Lier,* for the respondent.

KÖRNER, *Judge:*[1] In his notice of deficiency respondent determined a deficiency of $59,683 in the Federal estate tax of the Estate of George Benton Phillips. The sole issue presented for decision is whether respondent correctly determined that part of the Federal estate tax due on the residuary estate of George Benton Phillips is allocable to the portion of the residuary estate benefiting the surviving spouse of George Benton Phillips.

### FINDINGS OF FACT

This case was submitted for decision on fully stipulated facts pursuant to Rule 122.[2] The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioner is the Estate of George Benton Phillips. George Benton Phillips (Phillips) was a resident of Louisiana when he died on February 27, 1983.

---

[1] By order of the Chief Judge, this case was reassigned to Judge Jules G. Körner III for opinion and decision.

[2] All statutory references are to the Internal Revenue Code of 1954 as in effect at the date of the decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

Phillips died testate, and his will was probated by a Louisiana State court. The first 10 articles of the will contain specific legacies that disposed of part of his estate. Article XI of the will transferred the residue of the estate to a trust and directed the trustee to convert all of the assets in the trust into income-producing property.

Article XI also specifies how the trust's income is to be distributed. During her life, Phillips' surviving spouse Bertha Kelch Phillips (Bertha) is entitled to the greater of 50 percent of the trust's income or $500 a month. The remainder of the trust's income is to be paid to the following beneficiaries in the indicated proportions:

| Beneficiary | Trust income |
| --- | --- |
| Cora Phillips Pierce | 40% |
| Charles E. Phillips | 20 |
| Harriet Phillips Mayton | 20 |
| Keith Pierce | 5 |
| Don Ray Pierce | 5 |
| Ronald Lynn Pierce | 5 |
| Charles E. Phillips, Jr. | 5 |

Article XII of the will specifies that "All Federal Estate and State Inheritance taxes shall be paid out of the portion of the property bequeathed under Article XI hereof."

In determining its marital deduction for purposes of the Federal estate tax, petitioner reduced the value of Bertha's interest in the residue of the estate by a pro rata share of the Federal estate tax due on the specific legacies made by the first 10 articles of the will.[3] Petitioner did not reduce the value of Bertha's interest in the residue by any of the Federal estate tax due on the residue itself. Respondent determined that the value of Bertha's interest in the residue must be reduced by a pro rata share of the Federal estate tax due on the residue itself, and reduced petitioner's marital deduction accordingly.

## OPINION

The sole issue for decision is whether respondent correctly determined that a portion of the Federal estate tax due on the residue is allocable to Bertha's interest in the residue.

---

[3]As Bertha was entitled to 50 percent of the income from the residue, 50 percent of the Federal estate tax due on the specific legacies was allocated to her interest in the residue.

In determining the value of a taxable estate for purposes of the Federal estate tax, section 2056(a) permits the value of "any interest in property which passes or has passed from the decedent to his surviving spouse" to be deducted from the value of the gross estate. The Federal estate tax regulations refer to this deduction as the "marital deduction." Sec. 20.2056(a)-1(a), Estate Tax Regs. In computing the amount of the marital deduction, section 2056(b)(4)(A) requires the value of the property bequeathed to a surviving spouse to be reduced by estate, succession, legacy, or inheritance taxes allocable to the property. Section 2056 does not, however, specify how taxes are to be allocated among the properties comprising an estate such as petitioner. State law determines the manner in which petitioner's Federal estate tax burden is allocated among its assets. *Riggs v. Del Drago,* 317 U.S. 95, 101-102 (1942); *Cox v. United States,* 421 F.2d 576, 583 (5th Cir. 1970); *Estate of Sawyer v. Commissioner,* 73 T.C. 1, 3 (1979).

Louisiana has a statute (the statute) that apportions Federal estate tax. The statute provides as follows:

Sec. 2432. Apportionment of tax liability among persons interested in estate

A. If the deceased has made no provision in his testament for the apportionment of the tax among the persons interested in the estate, the tax shall be apportioned among them by the court in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax shall be used for this purpose.

B. If the deceased has provided in his testament for the apportionment of the tax among all the persons interested in the estate, the court shall apportion the tax as directed by the deceased.

C. If the deceased has provided in his testament for the apportionment of the tax of some, but not of all the persons interested in the estate, the amount of the tax which has not been apportioned shall be apportioned by the court among those as to whom no provision has been made, in the same manner as is provided in Subsection A of this Section.

[La. Rev. Stat. Ann. sec. 9:2432 (West 1965).]

We agree with petitioner that subsection C, rather than subsection B, of the statute applies in this case. Article XII of Phillips' will apportions the tax of some of the persons interested in his estate by providing that all Federal estate taxes are to be paid out of the residue of his estate. To that extent, article XII provides a clear mandate to deviate from

the general method of apportionment provided for under subsection A of the statute. See *Succession of Jones*, 172 So. 2d 312, 318 (La. App. 1965), cert. refused 247 La. 718, 174 So. 2d 131 (1965).

Article XII does not, however, apportion the tax of all persons interested in the estate as it does not apportion the Federal estate tax due on the residue among the persons with an interest in the residue. Article XII is nothing more than a general direction that all taxes due on petitioner be paid out of its residue. As the Court of Appeals of Louisiana emphasized in *Succession of Bright*, 300 So. 2d 614, 617 (La. App. 1974), "a *general direction for payment of all taxes from the residue is not the equivalent of a direction against apportionment within the residue itself.*" (Emphasis in original.) See also *Bulliard v. Bulliard*, 363 So. 2d 1343, 1349 (La. App. 1978), cert. denied 365 So.2d 244 (La. 1978).

Subsection C of the statute provides that, in these circumstances, the tax shall be apportioned "among those as to whom no provision has been made, in the same manner as is provided by Subsection A of this Section." Subsection A provides for the apportionment of tax "in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate." Respondent argues that subsection A requires the Federal estate tax due on the residue to be allocated to Bertha's interest in the residue in proportion to the value of the interest to the value of the residue. Petitioner disagrees, pointing to Louisiana Rev. Stat. (LRS) section 9:2435B which provides, in relevant part, that "Any exemption or deduction allowed by reason of the relationship of any person to the decedent or by reason of the purposes of the gift shall inure to the benefit of the person bearing such relationship or receiving the gift." Petitioner argues that LRS section 9:2435B requires that none of the Federal estate tax on the residue be allocated to Bertha's interest in the residue. We agree with petitioner.

Our resolution of this issue is guided by the relevant case law of Louisiana. The issue has been resolved by the Court of Appeal of Louisiana in *Succession of Bright, supra.* As

that decision is not a decision of the Louisiana Supreme Court, its resolution of this issue is not binding on this Court. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465 (1967). We should, however, follow the decision unless we conclude that the Louisiana Supreme Court would decide otherwise. *Commissioner v. Estate of Bosch, supra* at 465; *Estate of Sawyer v. Commissioner, supra* at 4. After reviewing the case law of Louisiana, we are unable to reach that conclusion.

In *Succession of Bright,* a decedent's will provided a number of specific legacies and directed that none of the estate or inheritance taxes due on the estate were to be paid out of the specific legacies. One of the legatees of the residue of the estate was a tax-exempt charitable organization, and a dispute arose over whether that charity's share of the residue should be reduced by a portion of the taxes due on the residue. The court concluded that "each co-residuary legatee should bear the tax charges on his half of the amount of the residue prior to taxes." As the charity's interest in the residue was free from estate and inheritance tax, the court held that none of the taxes from the taxable portion of the residue should be allocated to it.

Respondent argues that his position is supported by two decisions of the Court of Appeal of Louisiana: *Bulliard v. Bulliard, supra,* and *Succession of Farr,* 492 So. 2d 878 (La. App. 1986), cert. denied 494 So.2d 329 (La. 1986). In both cases, as in this case, a will had provided that the taxes due on specific legacies were to be paid from the residue of an estate. Unlike this case, the issue raised in both *Bulliard v. Bulliard* and *Succession of Farr* was whether the interests of the tax-exempt beneficiaries in the residue should be reduced by the taxes due on the *specific legacies.* In both cases, the court concluded that the tax due *on the specific legacies,* rather than the tax due on the residue, should be shared proportionally by the residuary legatees including the tax-exempt residuary legatees. Both cases stand for the proposition that when a will directs that the taxes due on *specific bequests* be paid from the residue of an estate, the taxes due on the specific bequests are shared proportionally by the residuary legatees. That principle was recognized by the Court of Appeal of Louisiana in *Succession of Bright,*

and is consistent with petitioner's treatment of the Federal estate taxes due on the specific legacies made by Phillips' will. As we found as a fact, petitioner reduced the value of Bertha's interest in the residue by a pro rata share of the Federal estate tax due on the specific legacies made by the will. Neither *Bulliard v. Bulliard* nor *Succession of Farr* addresses the issue disputed in this case—whether a portion of the taxes due on the residue itself should be allocated to the interest held by the tax-exempt beneficiaries in the residue. The holdings in *Bulliard v. Bulliard* and *Succession of Farr* therefore do not conflict with the holding in *Succession of Bright* that, under Louisiana's law governing the apportionment of taxes due on estates, co-residuary legatees should bear the tax charges of their own respective interests in the pretax residue.

Our holding for petitioner does not, as respondent suggests, "obliterate the meaning of" LRS section 9:2432B and prevent testators from apportioning taxes due on their estates to their surviving spouses. LRS section 9:2432B specifically allows testators to so apportion the taxes due on their estates. We hold here that LRS section 9:2435 operates in the *absence* of such direction to prevent the allocation of Federal estate taxes to the portions of estates that qualify for the marital deduction.

To reflect the foregoing,

*Decision will be entered for the petitioner.*