CARTER, Judge,
concurring in part and dissenting in part.
I agree with that portion of the majority opinion reducing the principal amount in Mr. Malone, Jr.’s favor from $114,165.95 to $79,402.07; however, I respectfully submit that Mr. Malone, Jr. has already received the money for which he now claims an accounting. Therefore, his demand should be denied.
The Civil Code article relied on by the majority, LSA-C.C. art. 626, requires that a writing evidence a renunciation of a usu-fruct. The writing requirement for renunciation insures that the usufruct continues to burden the property of the naked owner until clearly and unequivocally renounced by the usufructuary. The majority’s reasoning allows the naked owner to use LSA-C.C. art. 626 against the rule’s intended beneficiary, the usufructuary.
However, written renunciation is not the only method of termination of a usufruct. A usufruct may terminate in a variety of ways, one of which is by confusion, which occurs when the usufruct and the naked ownership of a thing are united in the same person. LSA-C.C. art. 622.
The record is clear that, after he became usufructuary of his deceased wife’s property, Mr. Malone, Sr. made several substantial advances to his son. On May 13, 1977, (one week after the judgment of possession of the succession of Celia Roccaforte Malone was signed) pursuant to the judgment of possession, Mr. Malone, Sr. withdrew $4,263.47 and $36,496.91 from two bank accounts which were in his wife’s name. Mr. Malone Jr. acknowledged that he received $40,803.59 from his father which he used to pay a mortgage note in that amount in June of 1977. In my opinion, the naked owner acquired the ownership and the use of $40,803.59 very shortly after the judgment of possession in Celia Rocca-forte Malone’s succession was rendered. To require the usufructuary’s estate to account for this $40,803.59 would be to allow the naked owner to collect the same sum twice.
Additionally, Mr. Malone, Sr. paid more than $17,000.00 in Federal taxes due on the estate of his wife. The Federal estate tax is a tax on the transfer of the estate. Prior to the enactment of the Louisiana Estate Tax Apportionment Law, Federal estate taxes were paid by a reduction in the estate. This law establishes the general rule that, absent contrary donor intent, Federal estate taxes are shared proportionately by those “interested” in the estate. LSA-R.S. 9:2432; See Succession of Farr, 492 So.2d 878, 881 (La.App. 1st Cir.), writ denied, 494 So.2d 329 (La.1986), adopting language of Bulliard v. Bulliard, 363 So.2d 1343, 1346-47 (La.App. 3rd Cir.), writ denied, 365 So.2d 244 (La.1978). LSA-R.S. 9:2433 provides that the burden of Federal taxes shall not be apportioned between a usu-fructuary and the naked owner and that the burden of paying Federal estate taxes attributable to the usufruct is chargeable against the naked ownership of the property. The implication of LSA-R.S. 9:2433 is that the naked owner never has the right to the property free of the payment of Federal taxes and that the usufructuary never enjoyed the use of the amount of Federal taxes due. As such, the usufructuary’s payment of Federal taxes operates as an extinction of the usufruct by confusion, considering the benefit enjoyed by the naked owner and the lack of the usufructu-ary’s ability to enjoy the use of the sum expended. Therefore, I would find that the usufructuary’s estate has already sufficiently accounted for the sum paid in Federal estate taxes and that Mr. Malone, Jr.’s claim for this sum should be denied.
Furthermore, Mr. Malone, Jr. acquired the Runnymede property from his father for a recited sum of $32,626.28, which Mr. Malone, Jr. never paid. Mr. Malone, Sr. did not consider the transfer of this property as a gift from his own estate requiring the payment of gift taxes. Rather, he considered the property to be a portion of Mr. Malone, Jr.’s “inheritance” from Celia Roc- *526 caforte Malone’s estate, which Mr. Malone, Jr. now demands again.
Clearly, the above described advances and benefits to Mr. Malone, Jr. exceed the amount which is due him from the estate of the usufructuary. When Mr. Malone, Jr., the naked owner, received the use of the property subject to the usufruct, the usu-fruct was extinguished by confusion and Mr. Malone, Jr.’s claim for an accounting from the estate of the usufructuary should be denied.